Robert S. Rreindler, J.
This court on November 28, 1972 acquitted the defendant herein of the charge of public lewdness in violation of section 245.00 of the Penal Law, upon the ground that the People failed to prove beyond a reasonable doubt that defendant, although intentionally nude in a public place, engaged in any lewd conduct (72 Mise 2d 75). Decision was reserved upon the question of whether section 245.01 of the Penal Law, “ Exposure of a female ”, is a lesser included offense. Section 245.01 of the Penal Law reads as follows: “ A female is guilty of exposure when, in a public place she appears clothed or costumed in such a manner that the portion of her breast below the top of the areola is not covered with a fully opaque covering. This subdivision shall not apply to any female entertaining or performing in a play, exhibition, show or entertainment.”
The definition of a “ Lesser included offense ” may be found in CPL 1.20 (subd. 37). It provides as follows: “ When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a ‘ lesser included offense. ’ In any case in which it is legally possible to attempt to commit a crime, an attempt to commit such crime constitutes a lesser included offense with respect thereto.”
Defendant contends that “Exposure of a female” is not a lesser included offense of public lewdness since public lewdness may be established without the actor ever exposing her breasts. Defendant further contends that to charge defendant with an offense not included in the original complaint violates due process and that even if that charge is a lesser included offense, defendant was not, as the statute requires, “ clothed or costumed ” and therefore cannot be found guilty. Defendant also attacks the statute (Penal Law, § 245.01) as being unconstitutionally broad in that it proscribes clearly legitimate activity and that it violates the equal protection clause of the Fourteenth Amendment in that it includes an unconstitutional classification between classes of offenders and discriminates against women.
To determine whether section 245.01 of the Penal Law is a lesser included offense of section 245.00 of the Penal Law. let *797 us examine some pertinent sections of the CPL. CPL 320.20 (subd. 5) relating to the conduct of a nonjury trial states: “ In determining what counts, offenses and defendants must he considered by it and covered by its verdict, and the form of the verdict in general, the court must be governed, so far as appropriate and practicable, by the provisions of article three hundred governing the court’s submission of counts and offenses to a jury upon a jury trial. ’ ’
Turning to article 300, CPL 300.50 (subd. 1) states: “ In submitting a count of an indictment to the jury, the court in its discretion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater ”.
In this context let us turn to CPL 1.20 (subd. 37) and re-examine the definition of lesser included offense. Did the Legislature intend the impossibility feature of the definition to mean impossible under any circumstances or impossible under the particular facts of the case on trial? If we accept the former interpretation, exposure of a female would not be a lesser included offense since it would be impossible to commit the lesser offense if the defendant were a man or, if a woman, her private or intimate parts below the waist only were exposed. The latter interpretation, based upon related CPL 300.50, 320.20 and 220.20, including Practice Commentary (McKinney’s Cons. Laws of N. Y.) and case law (People v. Mussenden, 308 N. Y. 558; People v. Moyer, 27 N Y 2d 252; People v. Asan, 22 N Y 2d 526; People v. Moran, 246 N. Y. 100), is far more compelling. The proper test to be applied is — Does the lesser offense require proof of an element which is not required to establish the greater offense? In this case the answer is, clearly, no. Findings of fact previously made herein were that defendant intentionally exposed her entire body (including her breasts) in a public place.
Defendant also claims that section 245.01 of the Penal Law is intended to apply to the exposure of the breast area, only while the rest of the body is “ clothed or costumed ”.
I believe that the words “ clothed or costumed ” as used in the statute are designed to cover situations in which transparent or “ peek-a-boo ” clothing is worn and not, as defendant con-tends, to limit prosecution under this section to persons who are “ clothed or costumed ”. It is intended to cover all situations where a female intentionally exposes her breasts in a public place irrespective of whether she is wearing anything else.
*798 Let ns turn now to the constitutional questions raised by defendant. Paragraph (a) of subdivision 1, and subdivision 2 of CPL 170.30 provide: “After arraignment upon an information, a simplified information, a prosecutor’s information or a misdemeanor complaint, the local criminal court may, upon motion of the defendant, dismiss such instrument or any count thereof upon the ground that: (a) It is defective, within the meaning of section 170.35 * * * 2. A motion pursuant to this section * * * should be made prior to (a) entry of a plea of guilty or (b) commencement of trial * * * A motion made thereafter may be summarily denied, but the court, in the interest of justice and for good cause shown, may in its discretion entertain and dispose of the motion on the merits at any time before sentence.”
CPL 170.35 (subd. 1, par. [c]) states: “An information, a simplified traffic information, a prosecutor’s "information or a misdemeanor complaint, or a count thereof, is defective within the meaning of paragraph (a) of subdivision one of section 170.30 when •* * * (c) The statute defining the offense charged is unconstitutional or otherwise invalid.
Defendant, for the first time, raised constitutional issues at the trial. The court therefore could summarily deny such a motion as not timely made. However, in the exercise of discretion and in the interests of justice, I shall dispose of said issues on the merits. This for the reason that defendant may not have been aware prior to trial of the possibility of conviction on the lesser included offense.
There is a strong presumption that a statute duly enacted by the Legislature is constitutional. Indeed, in order to declare a law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt. (Matter of Van Berkel v. Power, 16 N Y 2d 37, 40; People v. Pagnotta, 25 N Y 2d 333.) Of course, a statute must be sufficiently definite to give a reasonable man subject to it notice of the nature of what is prohibited and what is required of him. (People v. Byron, 17 N Y 2d 64, 67; Lanzetta v. New Jersey, 306 U. S. 451; People v. Pagnotta, supra.) However, a court of first impression should not set aside a statute as unconstitutional unless that conclusion is inescapable. (Bohling v. Corsi, 204 Misc. 778, affd. 306 N. Y. 815; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150.) The general principle is that a law is to be declared unconstitutional only as a last resort. (Matter of Roosevelt Raceway v. Monaghan, 9 N Y 2d 293.) Though it is the duty of courts to be watchful for constitutional rights of the citizen, and against *799 stealthy encroachments thereon (Boyd v. United States, 116 U. S. 616), any ambiguities in the language of a statute are to be resolved so as to .sustain its constitutionality if such construction can be fairly held to have been within the contemplation of the Legislature. (Roth v. United States, 354 U. S. 476.)
Equal protection of the laws means the protection of equal laws. (Tick Wo v. Hopkins, 118 TJ. S. 356, 369.) It forbids all invidious discrimination but does not require identical treatment for all persons without recognition of differences in relevant circumstances. It requires “ that equal protection and security should be given to all under like circumstances * * * and that in the administration of criminal justice no different or higher punishment should be imposed upon one than such as is prescribed to all for like offenses ”. (Barbier v. Connolly, 113 U. S. 27, 31.) The guarantee of equal protection was aimed at undue favor and individual or class privilege, on the one hand, and at hostile discrimination or the oppression of inequality, on the other. (Truax v. Corrigan, 257 U. S. 312, 332-333.)
Justice Holmes once called the equal protection clause the “ usual last resort of constitutional arguments.” (Buck v. Bell, 274 U. S. 200, 208).
Women, or particular classes of women, may be singled out for special treatment in the exercise of the State’s protective power without violation of the Fourteenth Amendment. Classification may be based on differences either in their physical characteristics or in the social conditions which surround their employment. (Miller v. Wilson, 236 U. S. 373; Bosley v. McLaughlin, 236 U. S. 385.) Women may be f orbidden to engage in an occupation where their employment may create special moral and social problems. (Goesaert v. Cleary, 335 U. S. 464.) The Constitution does not require Legislatures to reflect sociological insight, or shifting social standárds, any more than it requires them to keep abreast of the latest scientific standards. (Goesaert v. Cleary, supra.) Equality of protection under the law implies that in the administration of criminal justice no person shall be subject to any greater or different punishment than another in similar circumstances. (Pace v. Alabama, 106 U. S. 583.) Comparative gravity of criminal offenses is a matter for the State to determine, and the fact that some offenses are punished with less severity than others does not deny equal protection. (Collins v. Johnston, 237 U. S. 502, 510; Pennsylvania v. Ashe, 302 U.S. 51.)
In view of all of the foregoing, I am satisfied the defendant has failed to establish the unconstitutionality of the statute *800 beyond a reasonable doubt. Consequently defendant is found guilty of exposure of a female in violation of section 245.01 of the Penal Law.
She is .sentenced to a fine of $50 o.r in default of payment thereof, to serve 5 days and to a conditional discharge.