THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHRISTOPHER CIONEK et al., Appellants.

Third Department, January 10, 1974.

*Richard A. Insogna* for Christopher Cionek and another, appellants.

*John J. Mycek* for David Sisario, appellant.

*William E. Moore* for Lawrence Hidde, appellant.

*Howard M. Aison* for William Pacillo, appellant.

*Charles E. Hardies, Jr., District Attorney*, for respondent.

KANE, J. These are appeals from judgments of the County Court of Montgomery County, rendered April 30, 1973, May 1, 1973, May 2, 1973 and May 4, 1973, upon verdicts convicting the defendants of the crime of menacing.

These defendants were indicted and tried for the crimes of assault in the second degree and criminal mischief in the fourth degree. When the case was submitted to the jury, the court also submitted as a lesser included offense the crimes of assault in the third degree and menacing. Objections and exceptions to the charges were duly noted on the record. A jury found defendants guilty of menacing, and not guilty of the other charges. Another nonappealing defendant jointly tried was convicted of assault in the third degree.

A review of the evidence is not necessary other than to note that the charges arose out of an altercation on a public highway wherein a male complainant in company with a female companion received serious personal injuries following a beating by defendants, among others, whom the jury found to be equally culpable. While various grounds for reversal are urged upon this appeal, we need consider only the issue of whether menacing is a lesser included offense under a charge of assault in the second degree.

Subdivision 1 of section 120.05 of the Penal Law defines assault in the second degree as: " A person is guilty of assault in the second degree when: 1. With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person."

Section 120.15 of the Penal Law defines menacing as: " A person is guilty of menacing when, by physical menace, he intentionally places or attempts to place another person in fear of imminent serious physical injury."

CPL 1.20 (subd. 37) defines a lesser included offense as follows: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a ' lesser included offense ' ".

CPL 300.50 (subd. 1) provides: " 1. In submitting a count of an indictment to the jury, the court in its discretion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater. If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense."

Both crimes required an intentional act, and in any confrontation prior to acts that would constitute assault in the second degree, fear of imminent serious physical injury concomitantly results. In the case at hand, being outnumbered, attacked and seriously injured produced the elements of menacing prior to the consummation of the assault.

Although the use of the word " impossible " in CPL 1.20 (subd. 37) is troublesome, when all of the above sections are read together it seems clear that the Legislature did not mean impossible under any circumstances, but impossible under *the particular facts of the case on trial.* The rule is one of reason obtained from the study of the evidence — does the lesser offense

require proof of an element which is not required to establish the greater offense? (*People* v. *Gilbert,* 72 Misc 2d 795.) When, as in this case, the answer is "no", the charge is proper. The result obtained in this case is not inconsistent with the reasoning of the Court of Appeals in *People* v. *Weixel* (28 N Y 2d 738) and *People* v. *Moyer* (27 N Y 2d 252). If the evidence justifies a basis for presenting to the jury an alternative of choice through the vehicle of a lesser included offense, that crime should be submitted to the jury for its consideration (*People* v. *Mussenden,* 308 N. Y. 558).

The judgments should be affirmed.

SWEENEY, J. (dissenting). Assuming *arguendo* that the majority is correct in its determination that the crime of menacing was properly charged, we are, nevertheless, constrained to vote to reverse for other reasons. Since our conclusion is based on the failure of the People to prove menacing, and also on its failure to establish that any particular defendant participated in the commission of that crime, a more detailed statement of facts is required. This is necessary since the majority has apparently considered only the legal issue of whether menacing is a lesser included offense under a charge of assault second degree. An analysis of the testimony, we believe, compels a different conclusion than that arrived at by the majority.

On the evening of December 21, 1972, defendants, numbering five, and one Thomas Kelly were passengers in an automobile operated by one Richard Scofield. The vehicle was lodged in a snowbank when the victims, Bryan Packer and his girl friend, came upon the scene. A request for assistance was made of Packer. Conversation ensued, some of which was derogatory, culminating in an altercation. Both victims were struck and received injuries. Defendants, in addition to Kelly, were indicted for assault second degree committed on Packer and for criminal mischief in the fourth degree because of damage done to Packer's automobile. The jury convicted Kelly of assault third degree. Defendants were acquitted of both counts in the indictment, but convicted of the crime of menacing.

In addition to the issue passed upon by the majority in affirming, defendants also contend that there is insufficient proof in the record to substantiate the convictions. It is with this contention that we agree. Menacing, as defined in section 120.15 of the Penal Law, is set forth in the majority opinion. At the outset, it is noted that while the two victims received certain injuries and the automobile was damaged, these defendants

were each exonerated by the jury of inflicting the injuries or damaging the vehicle. The record discloses no evidence of an act, or attempt to act, on the part of any particular defendant by which the two victims were intentionally placed in fear of imminent serious physical injury. It seems hardly necessary to mention that the People had the burden of proving the crime of menacing beyond a reasonable doubt. There is testimony by Packer, in referring to defendants, that he "saw them coming at me, hitting me." The jury, however, acquitted all defendants of "hitting". In conjunction with this testimony, Packer admitted that the only one he could identify as hitting him was Kelly. Packer later testified in answer to the question, "How many hit you?, Well, I know there was a mass. I couldn't say there was six, but I could say there was more than one, two or three." The record further reveals that other than mentioning Kelly by name, no other defendant is so identified. There was also testimony by Packer's female companion that she left the car during the altercation and walked down a hill. On her way she passed two of the defendants. She could not specifically name either of them. Moreover, the record demonstrates that while some of the defendants were in the vicinity of the vehicle when Kelly struck Packer, clearly some of them were elsewhere. There is no evidence connecting any specific defendant with the scene of the altercation.

In our opinion, the record is also devoid of any evidence which supports the crime of menacing. We do not agree with the majority that "being outnumbered, attacked and seriously injured", could constitute menacing as far as defendants are concerned, for, we repeat, they were all acquitted of assault. In summary, we conclude that the People have failed not only to prove that the crime of menacing was committed, but furthermore, that any particular defendant participated in such a crime. Accordingly, as we view the record in its entirety, we conclude the judgments of conviction of all defendants should be reversed.

STALEY, JR., J. P., and GREENBLOTT, J., concur with KANE, J.; SWEENEY and MAIN, JJ., dissent and vote to reverse in an opinion by SWEENEY, J.

Judgments affirmed.