THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PERRY JOHNSON, Appellant.

First Department, December 3, 1974.

*Carmella Caridi* of counsel (*William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*Judith K. Rubinstein* of counsel (*Lewis R. Friedman* with her on the brief; *Richard H. Kuh, District Attorney*), for respondent.

TILZER, J. Defendant was convicted after a jury trial of the crimes of robbery in the first degree, grand larceny in the third degree and possession of a dangerous weapon.

The facts are fully set forth in the dissenting opinion. The defendant was indicted for various crimes growing out of an incident which occurred on March 26, 1971. According to the complainant, two men (identified as the defendant and one Frank

Lewis) assaulted him and then proceeded to take his watch and $89. The defendant admitted meeting the complainant at the time and approximate location alleged by him, but related a far different version of the events. The defendant maintained that he obtained $25 from the complainant on the false representation that he (defendant) had a television set which he would sell to the complainant.

At the conclusion of the testimony, defense counsel requested that the court charge the jury with respect to the crime of petit larceny, urging that it was a lesser included crime of Count 2 of the indictment wherein it was alleged that the defendant had committed the crime of grand larceny in the third degree by stealing " from the person [of the complainant] certain property of an aggregate value not in excess of $250 ". Despite that request, counsel, nevertheless, took the position that defendant could not be convicted of petit larceny by false pretenses — the crime which defendant, in effect, admitted — since that crime was not specifically alleged in the indictment. The District Attorney, however, correctly pointed out that the Penal Law does not require that the indictment contain specific allegations concerning the manner in which the larceny was committed, and apparently took the position that the crime of petit larceny by false pretenses could be submitted to the jury. At that point the court stated that it would charge " the additional lesser included count ".

Thereafter, the court, in its charge, stated that although the defendant's testimony concerning the events of March 26, 1971 could be considered as a defense to the charges contained in the indictment, the crime of petit larceny by false pretenses was not being submitted to the jury as a lesser included count. Therefore, the jury could either accept the complainant's testimony and convict on the grand larceny count or could accept the defendant's testimony and acquit. The matter, however, was further confused when subsequently, the court, after discussing the elements of the crime of grand larceny in the third degree and noting that the difference between that crime and petit larceny was a taking from the person, stated that if the jury was not satisfied that all the elements of grand larceny in the third degree were established it could consider defendant's guilt or innocence on the crime of petit larceny.

When the charge was concluded the defendant took an exception, stating specifically that it was his understanding that the court had agreed to charge petit larceny by false pretenses. The court took the position that that crime was not in issue and

was not a lesser included crime within count two of the indictment. The court, therefore, declined to charge as requested, noting the defendant's exception. Accordingly, if there was any doubt as to the nature of the initial request to charge, defendant's counsel took a proper and timely exception to the charge and it is clear that the defendant wished to have the crime of petit larceny by false pretenses submitted to the jury.

The issue to be determined, therefore, is whether the crime of petit larceny, which according to the defendant was accomplished by the means of false pretenses, is a lesser included crime within the charge of grand larceny third degree. If so, a subsidiary question arises as to whether the court's charge was in any event sufficient.

CPL 300.50 provides that the court must, upon request by either party, submit " any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater." More specifically, the term " lesser included offense " is defined as follows: " When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a ' lesser included offense.' " (CPL 1.20, subd. 37.)

In determining whether a lesser degree or included offense should be charged, the courts have looked to the facts of the case on trial and not to a " hypothetical alternative variety of the crime charged." (*People* v. *Hayes,* 43 A D 2d 99, 101; *People* v. *Cionek,* 43 A D 2d 256.) The question to be asked in each situation is whether the lesser crime requires proof of an element which is not required to establish the greater offense. (See *People* v. *Moyer,* 27 N Y 2d 252; *People* v. *Hayes, supra*; *People* v. *Gilbert,* 72 Misc 2d 795.)

Viewed in light of the above principles, we believe that the trial court was required to charge that petit larceny was a lesser included crime within the count of the indictment alleging grand larceny third degree, and further, that the jury could have considered defendant's claim that the crime was one of larceny by false pretenses.

Section 155.05 of the Penal Law, which defines larceny, includes, in effect, virtually every conceivable form of wrongful and intentional deprivation of property. The crime of petit larceny is accomplished merely when a person " steals property ". (Penal Law, § 155.25.) The higher degrees of larceny, i.e., grand larceny, in turn are defined according to the value

or nature of the property taken or the manner in which the property was taken (i.e., Penal Law, § 155.30—property in excess of the value of $250; property taken from the person; Penal Law, § 155.35 property in excess of $1,500; Penal Law, § 155.40 property taken by means of extortion). Accordingly, as a matter of definition, every grand larceny involves the commission of the lesser crime of petit larceny.

It is argued, however, that the trial court was not required to submit the crime of petit larceny herein, since the defendant's testimony concerning the commission of that crime by means of false pretenses, had no relation to the crime charged in the indictment wherein it was specifically alleged that the taking was " from the person ". In support of that argument, the dissenters state that " analysis of the allegations of the indictment shows  *  *  *  the [larceny from the person] to have been accomplished by utilization of dangerous instruments, to wit, a knife and a stick." But, each count in an indictment is to be regarded as a separate indictment (*People* v. *Delorio*, 33 A D 2d 350). All that was required to establish the grand larceny charge was simply the wrongful taking of property from the person. And as previously stated, the wrongful taking of property by definition includes petit larceny.

Nor does the allegation in the indictment that the property was taken from the person limit the proof to a larceny committed only in that manner. Under section 155.45 of the Penal Law, it is no longer necessary to include in the indictment specific allegations concerning " the particular way or manner in which  *  *  *  property was stolen or the particular theory of larceny involved." However, where " it is an element of the crime charged that property was taken from the person or obtained by extortion, an indictment for larceny must so speciify." (Penal Law, § 155.45, subd. 1.) And, although the element of extortion must not only be pleaded but must also be proven, where the larceny alleged includes the element of taking from the person, proof that defendant committed a larceny in a different manner is sufficient to support the indictment (Penal Law, § 155.45, subd. 2). The fact that the crime admitted to by defendant was committed in a different manner than that alleged by the People does not mean that the petit larceny was not a lesser included crime since the manner in which the larceny is committed is evidentiary only and does not constitute an element of the crime (see Practice Commentary by Richard G. Denzer, McKinney's Cons. Laws of N. Y., Book 11A, CPL 300.50, pp. 565–566). We therefore conclude that the court was required

to charge that petit larceny was a lesser included crime of the second count in the indictment, albeit the manner of the commission of the crime differed from the theory of the prosecution.

The People, however, contend that the charge given by the court was in any event, sufficient. Although at one point in the charge the court, in general terms, instructed the jury that it could find the defendant guilty of petit larceny, that instruction was given only after the court specifically told the jury that the crime of petit larceny by false pretenses was not being submitted and could not be considered. Since the only evidence of petit larceny came from defendant's version of the events, it is clear that the court's charge was insufficient and it must be concluded that the issue was not properly presented to the jury. The jury was actually limited by the instructions to consider defendant's story just as a defense to the charges contained in the indictment, but could not convict him of the crime to which he admitted. Additionally, since we conclude that the charge did not permit the jury to find defendant guilty of petit larceny, it is irrelevant that ultimately the jury convicted the defendant of the more serious crime (*People* v. *Valle,* 15 N Y 2d 682, revg. 21 A D 2d 765 upon the dissenting opinion; *People* v. *Stanfield,* 44 A D 2d 780).

One final point should be mentioned. The court in its charge stated: "If, after carefully considering the evidence as a result of reason and judgment, and because of the evidence in the case, or lack of evidence, *you feel in your hearts and conscience* that this defendant is not guilty under the law as explained to you, or, if you entertain a reasonable doubt as to his guilt, then there exists a reasonable doubt, and you should give the defendant the benefit of that doubt, and acquit." The use of the phrase "hearts and conscience", in this context has been criticized by this court on prior occasions (*People* v. *Bell,* 45 A D 2d 362; *People* v. *Harding,* 44 A D 2d 800). In the *Bell* case (*supra,* p. 364) it was stated in the concurring opinion as follows: "Such instruction not only serves to confuse the jurors rather than assist them ' in understanding the difference between a reasonable doubt and one which is based on a whim, sympathy or some other vague reason ' (*People* v. *Jones,* 22 N Y 2d 222, 227); it is also an improper dilution of the term ' beyond a reasonable doubt ' and, therefore, clearly prejudicial to a defendant ".

Accordingly, the judgment should be reversed on the law and a new trial ordered.

LUPIANO, J. (dissenting). I would affirm the judgment. At trial, Preston Partin, the victim of the crimes charged against

the defendant, testified in pertinent part that en route to a drugstore to obtain medical supplies for his ailing wife, he was accosted by defendant and another man. Possessed of sticks and knives, defendant and his accomplice told Partin to " keep walking " and took him to the roof of a nearby building, where he was struck with " heavy " sticks approximately 40 inches long. Having taken $89 and a watch from the witness through these means, the defendant and his accomplice left. This criminal activity gave rise to a five-count indictment wherein defendant and his accomplice were charged as follows: (1) Robbery in the first degree in that they " on or about March 26, 1971 forcibly stole certain property from Preston Partin having an aggregate value not in excess of $250  *  *  *  and in the course of the commission of the crime and of the immediate flight therefrom, they used and threatened the immediate use of a dangerous instrument, to wit, a knife and a stick ", (2) Grand larceny in the third degree in that they " on or about March 26, 1971 stole from the person of Preston Partin certain property having an aggregate value not in excess of $250 ", (3) Possessing a weapon, dangerous instrument and appliance in that they " on or about March 26, 1971 carried and possessed a knife and a stick with intent to use the same unlawfully against another ", (4) Robbery in the second degree and (5) Assault in the second degree. The jury returned a verdict finding defendant guilty of all counts except the fifth count charging assault.

At trial, defendant gave the following version of the circumstances involving Partin on March 26, 1971: At about 3:00 A.M., Partin drove up to a group of people, including defendant, and inquired if anyone had a television set to sell. Although he had no television, defendant entered Partin's car and told Partin that for $25 he could get Partin a television set by reclaiming his (defendant's) set from a person to whom defendant had pawned it. Having thus obtained $25 from Partin, defendant left the car and went up to the roof of a nearby building with the intention of absconding by crossing over and exiting from the roof of another building but was prevented from doing so by closed doors. Hearing people ascending the stairs, defendant hid behind the chimney and observed Partin and another enter onto the roof. When Partin and his companion went to the far end of the roof, defendant went back down the stairs and left.

At the trial's conclusion, defense counsel requested that the court charge petit larceny as a lesser included crime within the

ambit of the second count of the indictment charging grand larceny in the third degree. At the same time, defense counsel maintained that the jury could not convict defendant of "larceny by false promise" which is the crime defendant "claims to have committed". This assertion by counsel was made in relation to the prosecutor's observation that under prior law the People had to select, plead and prove a particular theory of *larceny* in terms of the common-law forms of theft: larceny by trespassory taking, larceny by trick, embezzlement and false pretenses. However, section 155.05 of the Penal Law defines larceny very broadly, in terms of a wrongful taking of property with intent to deprive the owner of the use and benefit thereof or to appropriate the same to the use of the taker or another. The court, in accordance with defense counsel's wishes, granted the latter's request to charge the crime of petit larceny as a lesser included crime.

Perusal of the charge discloses that the court informed the jury that the "defense rests * * * on the claim that the defendant committed a crime other than those alleged in the indictment" and that the People bear the burden of proving "beyond a reasonable doubt that the accused participated in the commission of the crime *alleged* in the indictment" and further, that "the defendant claims that he committed a different larceny than that charged in the indictment." (Emphasis supplied.) The court clearly instructed the jury that the crime which defendant asserted he committed was not being submitted to them as a crime includable within the indictment and for which defendant could be found guilty, but was to be considered on the issue of credibility and as a defense to the charges delineated in the indictment. The court did charge petit larceny as a lesser included crime within the ambit of the grand larceny count. At the conclusion of the charge, defense counsel in response to the court's inquiry as to "any exceptions, or any requests" stated his belief that the court was going to charge petit larceny specifically in terms of false promise, rather than petit larceny in simple and general terms. The court reiterated its position that such crime is not a lesser included offense and counsel acknowledged that it is not within the indictment. CPL 300.50 (subd. 2) states that the court's failure to submit a lesser included offense in the absence of a request by either party to do so, does not constitute error.

The key to resolving the issue of whether the larceny which defendant testified to (larceny by false pretenses) is a lesser included crime under the circumstances of this case is to deter-

mine the nature of the *crime charged* in the indictment. False pretense is simply an evidentiary allegation relevant to the manner used to commit the crime charged. The indictment in and of itself is not sufficient to charge larceny by false pretenses as the larceny charge (second count) specifically asserts that property was *taken from the person.* "An indictment charging larceny generally is supported by proof of any conduct constituting larceny as defined by section 155.05 of the Penal Law, except where property is taken from the person or obtained by extortion" (*People v. Farruggia,* 41 A D 2d 894 [4th Dept., 1973]). Where property is taken from the person, it is required that the indictment designate the particular manner in which the property was stolen or the particular theory of larceny involved (Penal Law, § 155.45). The larceny charged is patently theft "from the person" and analysis of the allegations of the indictment shows this theft to have been accomplished by utilization of dangerous instruments, to wit, a knife and a stick. Indicted for one crime, a defendant cannot be convicted of another crime unless the elements of the latter are fully embraced in the former or are necessarily averred in the indictment, and proved upon trial. It is beyond cavil that, according to the indictment, the larceny was committed by stealing from the person of Preston Partin, *without his consent,* certain property having an aggregate value not in excess of $250. To view defendant's asserted defense of larceny by false pretenses as a lesser included crime is, under these circumstances, contrary to common sense and without legal foundation.

Defendant further contends that the trial court committed reversible error by using in its charge the phrase "feel in your hearts and conscience" in the course of defining the reasonable doubt standard. Utilization of this terminology is regrettable and is to be avoided. However, this single lapse, viewed in the context of the whole charge pertaining to the reasonable doubt standard, does not constitute *reversible* error. The trial court did convey to the jury by numerous statements in its charge the proper meaning of the term "reasonable doubt". Indeed, the use of the objectionable phrase occurs in a context favorable to the defendant, as follows: "If, after carefully considering the evidence as a result of reason and judgment, and because of the evidence in the case, or lack of evidence, you feel in your hearts and conscience that this defendant is not guilty under the law as explained to you, or, if you entertain a reasonable doubt as to his guilt, then there exists a reasonable

doubt, and you should give the defendant the benefit of that doubt, and acquit ''.

Similarly, defendant's assertion that the trial court committed reversible error in the charge by repeatedly advising the jury to disregard defendant's testimony if they did not find it credible must be viewed in the context of the entire charge. When so viewed, it must be concluded that no reversible error occurred. The jurors were fully and clearly apprised of their function as sole judges of the facts and the court clearly conveyed that it took no position and had no opinion with respect to credibility. Defendant's remaining contentions are patently without merit.

KUPFERMAN and MURPHY, JJ., concur with TILZER, J.; NUNEZ, J. P., and LUPIANO, J., dissent in an opinion by LUPIANO, J.

Judgment, Supreme Court, New York County rendered on May 25, 1972, reversed, on the law, and a new trial directed.