### (July 3, 1975)

■ SHEARSON, HAMMILL & CO., INC., Respondent, v SAMUEL H. SLOAN, Appellant.—Judgment, Supreme Court, New York County, entered on October 2, 1974, unanimously affirmed, and that the respondent recover of the appellant $60 costs and disbursements of this appeal. Appeal from order of said court, entered on October 24, 1974, unanimously dismissed as nonappealable, without costs and without disbursements. No opinion. Concur—Stevens, P. J., Kupferman, Lupiano, Tilzer and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MILDWOFF, Appellant.—Judgment, Supreme Court, New York County, rendered on January 9, 1975, affirmed. Concur—Lupiano, Lane and Nunez, JJ.; Markewich, J. P., and Capozzoli, J., dissent in the following memorandum by Markewich, J. P.:—There is no doubt whatever that defendant-appellant requires psychiatric treatment. The bizarre nature of the sexual indignities visited upon his victim should point to such a conclusion. Moreover, at sentence, the court recognized the need in so many words. And yet there was no referral for a psychiatric evaluation. This seems to me to have been an abuse of discretion so grave as to be a matter of law. I would vacate the sentence and remand for resentence after consideration of an appropriate report.

■ FIRST NATIONAL CITY BANK, Respondent, v HAYES MARTIN, Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered on November 19, 1974, unanimously affirmed, without costs and without disbursements, and without prejudice to the service of a new notice for discovery and inspection specifying with particularity the documents sought to be produced (see *Rios v Donovan,* 21 AD2d 409). Concur—Markewich, J. P., Kupferman, Murphy, Lupiano and Tilzer, JJ.

■ FLORENCE DAVANZO, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant.—Judgment, Supreme Court, New York County, entered November 27, 1974, unanimously reversed, on the law and on the facts, and a new trial granted solely on the issue of damages, with $60 costs and disbursements of this appeal to abide the event, unless the plaintiff-respondent, within 20 days of service upon her by the defendant-appellant of a copy of the order entered herein with notice of entry, serves and files in the office of the trial court a written stipulation consenting to reduce the verdict in her favor to $150,000 and to the entry of an amended judgment in accordance therewith. If the plaintiff-respondent consents to the reduction, the judgment as so amended and reduced is affirmed, without costs or disbursements. The amount awarded by the jury was excessive and a judgment exceeding the amount indicated is not warranted on this record. Concur—Stevens, P. J., Kupferman, Murphy, Tilzer and Capozzoli, JJ.