## (July 13, 1976)

█ PURO FOUNDATION, INC., Respondent, v WINDSOR TRADING CORP. et al., Appellants.—Order, Supreme Court, New York County, entered on June 2, 1976, granting, on notice, plaintiff's motion for attachment, unanimously affirmed for the reason stated by Special Term. Respondent shall recover of appellants $40 costs and disbursements of this appeal. Plaintiff's application to vacate the conditional stay contained in the order of this court entered on June 10, 1976, is granted, with leave, however, to defendants, within 15 days after the service upon them by plaintiff of a copy of the order entered hereon, with notice of entry, to move to discharge the attachment, pursuant to CPLR 6222, during which time said stay shall continue in effect. Concur —Stevens, P. J., Murphy, Capozzoli and Nunez, JJ.

█ SHARMAN D. HAY, Respondent, v ANDREW M. HAY, Appellant.— Order, Supreme Court, New York County, entered May 4, 1976, which, *inter alia,* provided for temporary alimony at the rate of $500 per week and denied the husband's application to place the action on the calendar without filing a statement of readiness, unanimously modified on the facts and in the exercise of discretion to the extent of reducing the temporary alimony to $300 per week and otherwise affirmed, without costs or disbursements. The parties to this action were married in 1968 and they have no children. We have reviewed the differing contentions of the parties as to their respective incomes, as well as the wife's ability to support herself, and have concluded that the award of temporary alimony should be reduced in the amount indicated. We further note that pretrial depositions have not been concluded and the action is concededly not ready for trial. Under these circumstances, Special Term properly denied the application of the defendant to have the action placed on the Trial Calendar without the filing of a statement of readiness. Concur—Kupferman, J. P., Lupiano, Silverman and Lane, JJ.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY JOHNSON, Appellant.—Appeal by defendant from a judgment of Supreme Court, New York County, rendered May 25, 1972, convicting him, upon a jury trial, of robbery in the first degree, grand larceny in the third degree and possession of a dangerous weapon, and imposing sentence. By order dated December 3, 1974, this court, with two Justices dissenting, reversed the judgment, on the law, and directed a new trial (46 AD2d 123). On April 6, 1976, the Court of Appeals reversed the order of this court, with respect to the conviction for robbery in the first degree and for possession of a dangerous weapon, and remitted the case as to those crimes to the court for a determination of the facts in conformity with CPL 470.40 (subd 2, par [b]). The Court of Appeals dismissed the conviction on the count for grand larceny in the third degree as being an inclusory concurrent count of the robbery in the first degree count. *(People v Johnson,* 39 NY2d 364.) Judgment is unanimously affirmed. We have considered the points raised by counsel and find no basis for disturbing the conviction on the facts. Concur —Kupferman, J. P., Murphy, Lupiano and Nunez, JJ.