Steven MILDWOFF, Petitioner,

v.

John CUNNINGHAM, Warden, New York City Correctional Institution for Men at Riker's Island, New York, Respondent.

No. 76 Civ. 3377 (CHT).

United States District Court,
S. D. New York.

May 5, 1977.

Hal Meyerson, New York City, for petitioner.

Robert M. Morgenthau, Dist. Atty., New York County, New York City, for respondent; Robert M. Pitler, Ann Elizabeth Lewis, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

This petition for a writ of habeas corpus was brought by a New York state prisoner seeking release from custody imposed after a conviction upon a jury verdict. Petitioner alleges that his conviction of sexual abuse under N.Y. Penal Law § 130.65(1) (McKinney 1975) was obtained in violation of his constitutional right to due process in that he was convicted of a crime for which he was not indicted and of which he lacked sufficient notice. For the reasons discussed below, the petition is denied.

### I

Petitioner was indicted by a New York County grand jury for rape in the first degree, id. § 130.35, and possession of a weapon. Id. § 265.05. On January 9, 1975, after his trial on both counts of the indictment in New York County Supreme Court, petitioner was convicted of the weapons charge; he does not challenge that conviction. Rather, he alleges that his concurrent conviction of first degree sexual abuse—a crime submitted to the jury as a lesser included offense of rape—was constitutionally invalid on two grounds. First, he argues that because sexual abuse was not a lesser included offense of rape under the facts of the case, he lacked notice of the crime for which he was convicted. Second, he claims that the trial court's decision after summation to submit the charge of sexual abuse to the jury deprived him of the opportunity to defend against that charge.

Although there are serious questions concerning the availability of federal habeas corpus review of petitioner's first assertion of error—i. e., whether a "waiver" or "deliberate by-passing" of state court remedies and procedures has occurred with respect to this claim, see Fay v. Noia, 372 U.S. 391, 438–40, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)— these questions need not be answered since the Court finds the first claim to be without merit. At the same time, however, the merits of petitioner's second claim need not be reached because the Court finds that it was not preserved for federal habeas corpus purposes. Any error respecting the timing of the trial court's decision to submit lesser included offenses under the indictment was waived by petitioner's failure to raise an objection at trial. Francis v. Henderson, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). Cf. N.Y. Crim.Proc.L. §§ 300.50(1), 470.05(2) (McKinney 1971). Additionally, petitioner's failure to present this claim to the state courts on direct appeal from his conviction constitutes a deliberate bypass of state court procedures sufficient to warrant the denial of habeas corpus relief. Fay v. Noia, supra.

### II

The facts underlying petitioner's conviction are strange and disturbing but the legal issues raised herein necessitate a detailed review of these facts. At trial, the prosecution's chief witness, the victim of the alleged sexual attack, testified in substance as follows: After going out on a second date with petitioner, the complainant invited him into her apartment briefly to say goodnight. After she had rebuffed certain mildly romantic advances and had asked him to leave, the petitioner pulled out a gun; threatened to shoot both her and her dog unless she undressed; proceeded to

insert his fingers into her anus and vagina; inserted the barrel of his gun into her vagina and threatened to pull the trigger; pinned her down, masturbated and then tried to have intercourse with her, penetrating slightly, although he was unable to achieve an erection throughout the attack. The defense called no witnesses, relying instead on challenging the complainant's credibility and arguing that no forcible sexual acts had occurred.

After summations, the trial judge asked the prosecution and defense attorneys whether they wished to have any lesser included offenses submitted to the jury. Defense counsel responded in the negative, but the prosecutor requested submission of attempted rape, N.Y.Penal L. § 110.00 (McKinney 1975), and sexual abuse in addition to first degree rape. The trial judge agreed, stating "[I]t would be my inclination unless you could persuade me otherwise Mr. Lefkowitz [defense counsel]." Trial Transcript at 366. Defense counsel did not take this proffered opportunity to object either to the submission of lesser included offenses or to the timing of the court's decision to submit them but instead stated:

> "I can only say to your Honor that submitting lesser charges to the jury in this case as your Honor knows from our worthwhile discussion yesterday morning, I am concerned in this case with the effect of this weapon on the jury, nothing else. . . ." Id. at 367.

Thereupon, the court submitted first degree rape, attempted rape, and first and third degree sexual abuse to the jury.[1] The rec-

ord reveals that at no time did defense counsel register surprise or request an opportunity to counter, or address the jury on, the lesser included charges, nor did defense counsel except to the court's charge on these grounds.[2]

The jury was unable to agree upon a verdict as to first degree rape or attempted rape but found the petitioner guilty of first degree sexual abuse and possession of a weapon. At petitioner's sentencing on January 9, 1975, defense counsel moved to set aside the verdict on sexual abuse as unsupported by legally sufficient evidence but raised no other objection to the sexual abuse conviction.

As petitioner concedes, neither of the two claims urged in this proceeding were raised on direct appeal in the state courts. Both the Appellate Division, *People v. Mildwoff*, 49 A.D.2d 521, 373 N.Y.S.2d 849 (1st Dep't 1975), and the New York Court of Appeals, *People v. Mildwoff*, 39 N.Y.2d 856, 386 N.Y. S.2d 214, 352 N.E.2d 131 (1976), affirmed petitioner's conviction.[3]

### III

Petitioner now asserts for the first time that the submission of first degree sexual abuse as a lesser included offense of first degree rape was an error of sufficient constitutional magnitude to warrant federal habeas corpus relief. He bases this challenge on the ground that sexual abuse was not a lesser included offense of rape and thus that he was convicted of a crime for which he was not indicted in violation of his rights under the fifth and fourteenth

---

1. The crimes sent to the jury meshed in the following scheme:

    (1) First degree rape, the crime charged in the indictment, consists of "sexual intercourse" accomplished by "forcible compulsion." N.Y.Penal L. § 130.35(1). (2) First degree sexual abuse, the crime at issue here, consists of "sexual contact" by "forcible compulsion." Id. § 130.65(1). (3) Attempted rape, expressly denominated a lesser included offense, N.Y.Crim. Proc.L. § 1.20(37), requires that "with intent to commit" rape one "engages in conduct which tends to effect" a rape. N.Y.Penal L. § 110.00 (4) Third degree sexual abuse proscribes "sexual contact" "without consent." Id. § 130.55.

2. There is no allegation that defense counsel's representation of petitioner was outside the realm of competence demanded of attorneys in criminal cases. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1969).

3. The claims raised and rejected on the state appeal concerned the legal sufficiency of the corroborative evidence of a forcible sex crime and the propriety of sentencing the defendant without a psychiatric report considering the bizarre nature of the crime. Brief of Appellant, *People v. Mildwoff*, 39 N.Y.2d 856, 386 N.Y. S.2d 214, 352 N.E.2d 131 (1976).

amendments to the United States Constitution.

■ Initially, it is clear that the fifth amendment requirement of an indictment by a grand jury for all capital crimes "is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment." *Branzburg v. Hayes*, 408 U.S. 665, 688 n. 25, 92 S.Ct. 2646, 2660, 33 L.Ed.2d 626 (1972), *citing Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232 (1884). Therefore the claim grounded on the fifth amendment indictment requirement must be rejected. But, the due process clause of the fourteenth amendment does require that a defendant have notice of the charges against him so that he may have a meaningful opportunity to meet those charges. As the Supreme Court has recently stated, because the rights guaranteed to criminal defendants through the sixth amendment, including the right " 'to be informed of the nature and cause of the accusation' . . . are basic to our adversary system of criminal justice, they are part of the 'due process of law' that is guaranteed by the Fourteenth Amendment to defendants in the criminal courts of the States." *Faretta v. California*, 422 U.S. 806, 818, 95 S.Ct. 2525, 2532, 45 L.Ed.2d 562 (1975), *quoting* U.S. Const. Amend. VI. This essential due process requirement of notice is facilitated by the use of an indictment; one purpose of an indictment in a criminal case is to apprise the defendant of the crime with which he is charged so that he may properly prepare his defense. *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *United States v. Farinas*, 299 F.Supp. 852 (S.D.N.Y.1969). The notice which an indictment furnishes, however, is not limited to the crime actually specified therein. It is axiomatic that an indictment for one crime carries with it notice that lesser offenses included within the specified crime are also charged and must be defended against.

See, e. g., *United States v. Brewster*, 165 U.S.App.D.C. 1, 506 F.2d 62 (1974) (federal rule permitting conviction of a lesser included offense provides sufficient notice); *Walker v. United States*, 135 U.S.App.D.C. 280, 418 F.2d 1116 (1969) (indictment provides sufficient notice that lesser included offenses are at issue); Fed.R.Crim.P. 31(c). The constitutionality of conviction for a lesser included offense upon an indictment charging only the greater offense has been implicitly recognized in this and other circuits, e. g., *United States v. Marin*, 513 F.2d 974 (2d Cir. 1975); *Kelly v. United States*, 125 U.S.App.D.C. 205, 370 F.2d 227 (1966), *cert. denied*, 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967), and petitioner does not challenge the constitutionality of the lesser included offense doctrine. Petitioner's claim that he has been convicted of a crime for which he was not indicted is in essence a claim that his indictment for first degree rape did not sufficiently notify him of the charge of first degree sexual abuse, the crime for which he was actually convicted.

■ In order to determine whether sexual abuse was a lesser included offense of rape and therefore whether the rape indictment furnished the requisite constitutional notice, it is necessary to look to New York law. An examination of New York's statutory and decisional law convinces the Court that sexual abuse was indeed a lesser included offense within rape under the facts of this case and thus that petitioner's first claim is without merit.

New York relies upon a statutory definition of "lesser included offense":

"When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.' " N.Y.Crim. Proc.L. § 1.20(37) (McKinney 1971).[4]

4. This definition encompasses both the lesser degrees of a single generic offense and those separate offenses of lesser grade necessarily included within a higher crime. For example, criminally negligent homicide, N.Y.Penal L.

§ 125.10 (McKinney 1975), is a lesser included offense of second degree manslaughter, *id.* § 125.15. *People v. Stanfield*, 36 N.Y.2d 467, 369 N.Y.S.2d 118, 330 N.E.2d 75 (1975) (same generic offense). First degree sexual abuse is a

From a purely definitional standpoint, first degree sexual abuse is a lesser included offense within first degree rape. Since it is impossible to commit first degree rape (forcible sexual intercourse) without also committing first degree sexual abuse (forcible sexual contact) and since first degree sexual abuse is a lesser grade of felony than first degree rape,[5] the statutory test for a lesser included offense is met. Every completed forcible rape contains within it the crime of forcible sexual contact.

The inquiry does not end here, however, for New York has also codified the trial court's authorization to submit a lesser included offense to the jury as follows:

"In submitting a count of an indictment to the jury, the court in its discretion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater." *Id.* § 300.50(1).

Because the evidence of "penetration" (a crucial element of rape) adduced at petitioner's trial was weak, and because the evidence raised a question whether petitioner was physically capable of engaging in sexual intercourse, the trial court was justified in concluding that a reasonable view of the evidence would support a finding of forcible sexual contact but not forcible sexual intercourse. Thus, at the time of the submission, the trial court did not err, under the New York statutes, in sending sexual abuse to the jury.[6]

But this analysis does not fully answer petitioner's contention. Petitioner argues in effect that the error in submission of

sexual abuse became clear when the jury returned with its verdict. He assumes that because the jury failed to find him guilty of rape or attempted rape the jury must have relied on conduct separate and apart from the conduct charged in the indictment (intercourse) in reaching its verdict on sexual abuse. Petitioner's assumption is faulty.

Whatever would have been the merits of petitioner's argument had the jury found him "not guilty" of rape and attempted rape—*i. e.*, found that the petitioner had engaged neither in forcible intercourse nor in conduct tending to effect forcible intercourse with the requisite intent—the jury in fact did not find the petitioner "not guilty." Rather, the jury was unable to reach a verdict on those crimes. Under New York law this is not deemed an acquittal. *Id.* § 310.70 (McKinney Supp. 1976–77). *But cf. id.* § 300.50(4) (McKinney 1971). Petitioner reads too much into the jury verdict when he assumes that the jury found him guilty of sexual abuse based on conduct separate and apart from conduct leading to intercourse. The jury may have been unable to agree upon actual penetration and thus unable to return a verdict on rape. Likewise, with respect to the charge of attempted rape, the jury may have questioned whether petitioner had sufficient intent to commit rape (an essential element of the crime of attempted rape) due to his inability to achieve an erection. Alternatively, the physical disability may have convinced some jurors that petitioner's conduct could not tend to effect a rape despite his intent. But this does not mean that the jury necessarily discounted all such conduct in reaching its verdict on sexual abuse. The trial court's charge supports this reasoning, for the jury was instructed that if it

---

lesser included offense of first degree sodomy, N.Y.Penal L. § 130.50 (McKinney 1975), *People v. McCrory*, 47 A.D.2d 887, 367 N.Y.S.2d 22 (1975) (necessarily included offense). Sexual abuse falls into the "necessarily included" category with respect to rape.

5. First degree rape is a class B felony. N.Y. Penal L. § 130.35 (McKinney 1975). First degree sexual abuse is a class D felony. *Id.* § 130.65.

6. Given the prosecutor's request, it would have been error under New York law to refuse to submit sexual abuse. The Criminal Procedure Law § 300.50(2) (McKinney 1971), provides in pertinent part: "If the court is authorized . . to submit a lesser included offense and is requested by either party to do so, it *must* do so." (Emphasis supplied).

was unable to reach a verdict on rape it was then to consider attempted rape and so on down through the lesser included offenses. Trial Transcript at 389 *et seq.* At no time was the jury instructed to eliminate particular evidence from its consideration if it failed to reach a verdict on a particular crime charged. Rather, the jury was to consider the whole of the evidence on each charge.

The Court can find no support in the record for petitioner's crucial assertion that the jury convicted him of sexual abuse solely on the basis of sexual contact with his hand or gun but not his penis. Nor do the cases cited by the petitioner convince us that New York requires such a hypertechnical analysis of conduct to support a lesser included offense charge.[7] Thus, there is no merit to petitioner's contention that, under the facts adduced at trial, sexual abuse was not a lesser included offense of rape.

▪ By virtue of New York's lesser included offense statute and submission statute, defendants have sufficient notice that a prosecution for forcible rape includes within it one for forcible sexual abuse;[8] the constitutionality of the New York procedure has been upheld. *United States ex rel. Russell v. LaVallee*, 322 F.Supp. 579 (S.D.N.Y.1971). Statutes like those of New York, codifying a long standing common law doctrine, strike a desirable balance in the administration of criminal justice by performing a function helpful to the prosecution, intelligible to the jury, and useful to the defendant. *People v. Mussenden*, 308 N.Y. 558, 127 N.E.2d 551 (1955); *Kelly v. United States, supra.* The prosecution does not fail when some element of the crime charged is not made out, so long as a lesser included offense, of which the defendant has notice through the indictment, has been

proven. *People v. Mussenden, supra.* The jury is presented with an alternative of choice through the vehicle of the lesser included offense. *People v. Cionek*, 43 A.D.2d 256, 351 N.Y.S.2d 177 (3d Dep't), *aff'd* 35 N.Y.2d 924, 324 N.E.2d 544, 365 N.Y.S.2d 161 (1974). And the defendant is benefitted since the effect of such a procedure is to empower the jury to extend mercy by finding the defendant guilty of a lesser crime than is established by the evidence. *People v. Mussenden, supra.*

The New York statute was designed to remedy precisely the situation which obtained in the instant case: the prosecutor had proven both forcible compulsion and sexual contact but had failed to convincingly establish penetration. Rather than allow the prosecution to fail entirely, the statute permits conviction of the lesser included offense actually made out by the evidence. And the petitioner may well have benefitted from the submission of sexual abuse in that it gave the jury the opportunity to convict of a crime less stigmatizing than rape. That acceptance of this benefit may have been dictated by trial strategy is perhaps evidenced by the fact that defense counsel raised little if any objection to the submission of sexual abuse at trial and no challenge to the submission on appeal.

For the foregoing reasons the Court concludes that no due process violation has been established on the first ground urged by the petitioner.

## IV

The petitioner's second contention is that the trial court's decision, after summations, to submit the lesser included offense of sexual abuse deprived the petitioner of his fourteenth amendment right to due process. Petitioner's assertion here is not that he

---

7. *E. g., People v. Moyer*, 27 N.Y.2d 252, 317 N.Y.S.2d 9, 265 N.E.2d 535 (1970); *Didieu v. People*, 22 N.Y. 178 (1860); *People v. Johnson*, 46 A.D.2d 123, 361 N.Y.S.2d 921 (1st Dep't 1974); *People v. Wall*, 34 A.D.2d 215, 310 N.Y. S.2d 854 (4th Dep't 1970); *People v. Burch*, 281 App.Div. 348, 120 N.Y.S.2d 82 (4th Dep't 1953); *People v. Gilbert*, 72 Misc.2d 795, 339 N.Y.S.2d 743 (Crim.Ct.1973).

8. Petitioner's assertion of "surprise" is belied by the fact that defense counsel raised no objection when evidence of sexual acts other than intercourse, that is, contact with the hand and the gun, was introduced at trial.

lacked sufficient notice to present a defense to sexual abuse, as was discussed above, but rather, that his counsel was deprived of an opportunity to argue this defense to the jury during summation.

■ Although petitioner has not called it to the Court's attention, New York statutory law does provide that the trial court's decision to submit lesser included offenses "must be made, and the parties informed thereof, prior to summations." N.Y.Crim. Proc.L. § 300.10(3) (McKinney 1971). Under the statute, the trial court erred by failing to inform petitioner's counsel before his summation which lesser included offenses were to be submitted to the jury. But the record reveals that petitioner's counsel did not raise an objection or protest the timing of the court's decision on the ground now urged or indeed on any other ground. Furthermore, petitioner wholly failed to raise this claimed error on direct appeal in the state courts. The principles enunciated in the Supreme Court's recent decisions in *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), and *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), require that this Court decline to pass on the merits of petitioner's second assertion of error, because under those decisions the error has been waived.

In *Estelle*, the Supreme Court reversed a grant of habeas corpus to a state petitioner who claimed that his trial in prison clothing constituted a denial of due process. The Court held that, even though it was reversible error to so try him, the petitioner had waived the claim by his failure to object at trial. And, unlike the instant case, there was no state waiver statute at issue in *Estelle*.

*Estelle* makes it clear that the exacting waiver standard announced in *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)—"an intentional relinquishment or abandonment of a known right or privilege"—need not be applied "with respect to strategic and tactical decisions, even those with constitutional implications, by a counselled accused." 425 U.S.

at 508 n. 3, 96 S.Ct. at 1695 n. 3. The *Estelle* Court cited approvingly the rule in this circuit: trial errors, unobjected to below, will not be reviewed on appeal or on collateral attack, even though they involve a defendant's constitutional rights. *Id.*, citing *United States v. Indiviglio*, 352 F.2d 276 (2d Cir. 1965), *cert. denied*, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). The rationale for this rule, noted by the Supreme Court, is clear: "If the defendant has an objection, there is an obligation to call the matter to the court's attention so the trial judge will have an opportunity to remedy the situation." *Id.* Thus, under *Estelle*, petitioner must be deemed to have waived any error in the trial court's timing of its decision to submit lesser included offenses because he failed to object to it at trial. Having been waived, such error cannot form the basis of a collateral attack on petitioner's conviction.

Furthermore, in *Francis v. Henderson*, *supra*, the Court reemphasized its long standing policy that "in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forego the exercise of its habeas corpus power." 425 U.S. at 539, 96 S.Ct. at 1710, *citing Fay v. Noia*, *supra*. In *Francis*, the Court affirmed the denial of habeas corpus to a petitioner challenging the composition of the grand jury which indicted him. The Court held that the claim was waived as the relevant state statute required that a challenge to the grand jury composition be made in advance of trial. The concerns alluded to by the *Francis* Court have traditionally included the state's interest in the finality of criminal judgments, and the state's interest in maintaining an orderly procedural system. These important policies are served by the New York requirement that curable errors be raised at trial or be deemed waived.

New York law provides that "[a]ny error respecting [the submission of lesser included offenses] is waived by the defendant unless he objects thereto before the jury retires to deliberate." N.Y.Crim.Proc.L.

§ 300.50(1) (McKinney 1971). Further, failure to raise a timely protest at trial, which would allow the court an opportunity to cure the error, constitutes a procedural default under the state system precluding direct review of the claim.[9] *Id.* § 470.05(2). Pursuant to these statutes, petitioner's claimed error was waived when he failed to object at trial. To allow a collateral attack on the conviction at this point would be to frustrate the legitimate state policies embodied in the New York statutes, a course this Court declines to follow. And while it is possible that the New York courts would nonetheless have heard petitioner's claim notwithstanding his failure to preserve it at trial, it is not known how those courts would have responded to the claim because petitioner failed to present it on his direct appeal. This failure constitutes a bypass of the state court procedures for resolving the claim in the first instance. *Fay v. Noia, supra.* On this ground alone, the federal habeas corpus court may decline to hear the claim. *Id.*

 Defense counsel's failure to object at trial on the ground that he had not countered the sexual abuse charge in his summation gives some evidence that no harm was perceived. The inference is also raised that defense counsel considered the lesser charge of some benefit to petitioner since he did not object to it at trial or pursue it as an issue on appeal. Absent a claim of incompetency, a defendant is bound by the tactical decisions of his counsel. *Estelle v. Williams, supra; Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). It would be manifestly unfair to the state to allow a collateral attack on the conviction to succeed when it concerns a trial error raised for the first time at this late stage. Accordingly, the Court holds that the waiver of the error which occurred at trial coupled with the failure to raise that claim on direct appeal

preclude its assertion as a ground for federal habeas corpus relief.

The petition is denied.

So ordered.

---

9. The relevant statutory provision provides:
   "For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial . . . is presented when a protest thereto was registered, by the party claiming error, *at the time* of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y. Crim.Proc.L. § 470.05(2) (McKinney 1971) (emphasis supplied).