■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CHAPMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 15, 1976, convicting him of robbery in the first degree (two counts), attempted rape in the first degree, assault in the first degree (two counts) and burglary in the second degree (two counts), after a nonjury trial, and imposing sentence. Judgment modified, on the law, by reversing the conviction of assault in the first degree under count seven of the indictment, and the sentence imposed thereon, and

the said count is dismissed. As so modified, judgment affirmed. Notwithstanding the affirmative duty on the court to state, upon the record and prior to summation, the counts upon which it would render a verdict (see CPL 320.20, subd 5), its failure herein to so inform defendant did not constitute reversible error. Defendant was convicted of the greater offenses charged in the indictment; the counts of attempted sexual abuse in the first degree, attempted sexual misconduct and grand larceny were dismissed as lesser inclusory offenses. Moreover, defendant had interposed a defense of insanity and his counsel's summation would not have been altered if the court had apprised him of the counts which were being considered (see *People v Vicaretti*, 54 AD2d 236). In *People v Moody* (52 AD2d 959) this court held that it was reversible error for the trial court not to inform counsel, prior to summation, that it intended to consider assault in the second degree as a lesser included offense of an indictment which charged manslaughter. However, unlike the instant case, the defendant in *Moody* was convicted of the lesser offense and, hence, was clearly denied the right to a meaningful and effective summation. Accordingly, we find the error harmless beyond a reasonable doubt (see *People v Almestica*, 42 NY2d 222). The District Attorney concedes, and we agree, that defendant's conviction under count seven of the indictment, charging assault in the first degree pursuant to subdivision 4 of section 120.10 of the Penal Law, is a lesser included offense of counts four and five of the indictment, charging robbery in the first degree pursuant to subdivisions 1 and 3 of section 160.15 of the Penal Law. From this, however, it does not follow that defendant's conviction of assault in the first degree under count six of the indictment, pursuant to subdivision 1 of section 120.10 of the Penal Law, is also a lesser included offense of robbery in the first degree. The proper test to be applied in determining whether an offense is lesser included is whether it requires proof of an element which is not required to establish the greater offense (CPL 1.20, subd 37; *People v Moyer*, 27 NY2d 252; *People v Johnson*, 46 AD2d 123, 125; *People v Hayes*, 43 AD2d 99, 101; *People v Cionek*, 43 AD2d 256, 257-258; *People v Gilbert*, 72 Misc 2d 795). Here, the conviction of assault in the first degree under subdivision 1 of section 120.10 of the Penal Law required proof of intent to cause serious physical injury, which is not an element of the crime of robbery in the first degree (see Penal Law, § 160.15, subds 1, 3). Therefore, the conviction of assault in the first degree under count six of the indictment must stand. We have considered defendant's other contentions and find them to be without merit. Damiani, J. P., Hawkins, Suozzi and O'Connor, JJ., concur.