■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GIBILARO, Appellant.—Judgment of the Supreme Court, Queens County, rendered November 17, 1976, affirmed (see *People v Crimmins,* 36 NY2d 230). Mollen, P. J., Hopkins, Suozzi, Shapiro and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. GIEL, Appellant.—Judgment of the Supreme Court, Queens County, rendered July 22, 1977, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Latham, J. P., Rabin, Gulotta and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALFREDO GONZALEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 10, 1978, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the facts, indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The verdict against defendant was against the weight of the evidence (see CPL 470.15, subd 5). Martuscello, J. P., Damiani, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDIUS HENRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 11, 1977, convicting him of robbery in the second degree (two counts), assault in the second degree, assault in the third degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of assault in the second degree and grand larceny in the third degree and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. No issues have been raised with respect to the findings of fact. The People concede on this appeal, and we agree, that in the circumstances of this case the crime of assault in the second degree is an inclusory concurrent count of robbery in the second degree (under count two of the indictment) and the crime of grand larceny in the third degree is an inclusory concurrent count of robbery in the second degree as charged in both counts one and two. Thus the convictions for these inclusory concurrent counts must be reversed and said counts must be dismissed. Since the conviction for assault in the third degree, which defendant would have us reverse and dismiss as an inclusory concurrent count of robbery in the second degree (under count two), requires proof of intent to cause physical injury and the robbery count does not, that conviction must stand (see *People v Chapman,* 60 AD2d 584, 585). Latham, J. P., Damiani, Margett and Hawkins, JJ., concur.