Per Curiam.

The Trial Judge charged the jury that on the second count in the indictment (sodomy in the first degree) it could convict the defendant of sodomy in the second degree. No exception was taken to that instruction. The jury convicted the defendant of sodomy in the second degree. On appeal, the Appel *923 late Division held that the crime of sodomy in the second degree is not included within the crime of sodomy in the first degree and that, therefore, the Trial Judge erred in his charge. That court went on to hold that the prohibition against double jeopardy prevented a retrial of defendant for the crime of sodomy in the first degree. Accordingly, the Appellate Division reversed the judgment of conviction and dismissed the indictment.
No exception having been taken to the charge, no error of law was preserved for review in the Appellate Division and, so, that court lacked the power to dismiss the indictment (Code Crim. Pro., § 420-a). In the absence of an exception, the limit of the Appellate Division’s power was to order a new trial in the interests of justice (Code Crim. Pro., § 527; People v. Cohen 5 N Y 2d 282).
The order of the Appellate Division insofar as it dismisses the indictment should be reversed and a new trial ordered on the second count which charges the defendant with sodomy in the first degree.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Order of Appellate Division, insofar as it dismisses the indictment, reversed and a new trial ordered on the second count of said indictment.