■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER JAMES CROLEY, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered February 24, 1972, upon a verdict convicting defendant of the crime of robbery in the third degree. On September 21, 1971 the two female victims of this robbery were proceeding from Troy to Albany in an automobile being operated by one of the women when it was forced off the road by another vehicle. A man got out of the rear seat of the second car and tried to open the door of the victims' vehicle, but was unable to do so. One of the victims testified that she heard a noise like a "bing" and the window on the driver's side was shattered. The man then opened the door, took the pocketbooks of both women, and fled. Another man, later identified as the defendant, watched these events from the back seat of the second car. Defendant and the other man, identified as Dixon, were jointly indicted for two counts of robbery, first degree, in violation of section 160.15 of the Penal Law. Defendant was convicted of robbery, third degree and Dixon, of robbery, first degree. The defendant has appealed. Defendant urges several grounds for reversal. He maintains that the in-court identification made by the victims was improperly influenced by a suggestive pretrial identification procedure. The record reveals that defendant, Dixon and another man were at the police station when the victims independently identified defendant and Dixon as the individuals who perpetrated the robbery. The record also reveals that the victims had ample opportunity to observe the defendant at the scene of the crime. They gave the police descriptions of the defendant, Dixon and the other vehicle, including its license number. Consequently, this contention lacks merit. (*People* v. *Bilinski*, 40 A D 2d 617.) Defendant further maintains there was insufficient evidence to support the verdict. This contention also lacks merit. Defendant was in the rear seat of the vehicle from which Dixon emerged just prior to the robbery. He watched the entire proceedings from the rear window of the vehicle, and did not leave until Dixon left on foot with the loot. Some of the money taken from the victims was found in defendant's possession by the police. On this record, the jury could properly conclude that defendant

was an accomplice, pursuant to section 20.00 of the Penal Law. A reading of the court's charge reveals that the court properly and timely charged the jury on the issue of contradictory statements and their use for impeachment purposes only. We have examined the other issues urged by the defendant for reversal and do not find them persuasive. Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.