■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT P. DUGARM, Appellant.—Judgment reversed, on the law and facts, and indictment dismissed. Memorandum: On the trial of defendant for robbery in the second degree the court charged the jury without exception that they could find him guilty of that crime or of robbery in the third degree as a lesser

included crime. The jury acquitted defendant of robbery in the second degree but found him guilty of robbery in the third degree, and the court sentenced him upon that verdict. Robbery in the second degree (Penal Law, § 160.10, subd 1) consists of forcibly stealing property "aided by another person actually present". Robbery in the third degree (Penal Law, § 160.05) consists only of forcibly stealing property. Upon the evidence the jury could have determined that defendant's friend (a fugitive not present at the trial) committed robbery in the second degree and could have found that defendant was guilty of robbery in the second degree as a principal or as an accomplice (see Penal Law, § 20.00). However, on no view of the evidence could the jury have found that defendant forcibly stole from the victim with no one else present, and hence that he was not guilty of robbery in the second degree but was guilty of robbery in the third degree. Insofar as *People v Croley* (42 AD2d 633) can be construed as holding otherwise, we decline to follow it. In these circumstances the court erred, therefore, in charging robbery in the third degree as a lesser included crime. The court improperly gave the jury an opportunity to compromise on the facts, in their reluctance to convict defendant of the greater crime *(People v Mussenden,* 308 NY 558, 563; *People v Wall,* 34 AD2d 215, 220, affd 29 NY2d 863). Defendant's failure to object to the charge deprives us of jurisdiction to reverse on the law *(People v Cipolla,* 6 NY2d 922; *People v Hille,* 42 AD2d 881; CPL 300.50, subd 1). Nevertheless, since the jury acquitted defendant of the charge of robbery in the second degree, and the evidence shows that defendant cannot be guilty of robbery in a lesser degree, no substance remains in the indictment, and so the judgment is reversed and the indictment dismissed *(People v Robinson,* 36 NY2d 224; *People v Wall,* 34 AD2d 215, 220, affd 29 NY2d 863, *supra; People v McCrawford,* 47 AD2d 318, 320, 322). All concur, except Moule, J. P., who dissents and votes to affirm the judgment, in the following memorandum: I dissent and vote to affirm. The defendant failed to take exception to the court's charge and, therefore, the question of its error is not properly before us. CPL 300.50 (subd 1) provides that any error respecting submission of a lesser offense to the jury "is waived by the defendant unless he objects thereto before the jury retires to deliberate". The evidence presented in this case indicates that defendant was guilty of robbery, either acting alone or in concert with another. Since no objection was taken to the court's charge, there is no question of law for us to consider under CPL 470.15 (subd 4, par [a]) and the circumstances do not warrant our overlooking the defendant's failure to except in the interests of justice (CPL 470.15, subd 6, par [a]; *People v Jones,* 32 AD2d 1069, affd 27 NY2d 501). Furthermore, *People v Croley* (42 AD2d 633), expressly rejected by the majority, provides a basis for his conviction on either of the two charges submitted to the jury. (Appeal from judgment of Supreme Court, Erie County, convicting defendant of robbery, third degree.) Present—Moule, J. P., Cardamone, Simons, Goldman and Witmer, JJ.