■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CHARLES SHAY, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered April 20, 1977, convicting defendant, upon his plea of guilty, of the crimes of robbery in the first degree and kidnapping in the second degree and sentencing him to two concurrent indeterminate terms of imprisonment of not more than 16⅔ years or less than 8⅓ years. As a result of incidents on November 8, 1976, wherein defendant and an accomplice allegedly forcibly stole property from one Rick Schnurbusch at his place of work in Binghamton, New York, and then forcibly transported Schnurbusch to Pennsylvania where they repeatedly stabbed him and left him in a secluded area, defendant was indicted for the crimes of robbery in the first degree (Penal Law, § 160.15, subd 4) and kidnapping in the second degree (Penal Law, § 135.20). Upon his subsequent plea of guilty to both crimes, he was then sentenced to concurrent indeterminate terms of imprisonment of 8⅓ years to 16⅔ years each, and this appeal ensued. The sole question presented for our review is whether or not the indictment and conviction on the kidnapping charge were barred by the merger doctrine, and we conclude that they were not. That doctrine, as recently set forth by the Court of Appeals in *People v Cassidy* (40 NY2d 763), negates a conviction for kidnapping in the second degree only where the kidnapping charge is premised upon acts so much a part of another crime, such as robbery or rape, that the second crime could not have been committed absent said acts. Here, we do not have such a situation as the alleged abduction occurred subsequent to the alleged robbery and was clearly unnecessary for the commission thereof. Under remarkably similar circumstances in *People v Stuckey* (56 AD2d 898), both robbery and kidnapping convictions were sustained. (See, also, *People v Miles,* 23 NY2d 527.) We reach the same result in this instance and, in so ruling, would point out that cases relied upon by defendant, such as *People v Levy* (15 NY2d 159) and *People v Lombardi* (20 NY2d 266), as well as our recent decision in *People v Spinks* (58 AD2d 659), are readily distinguishable in that the kidnappings therein occurred prior to or concurrent with the other crimes charged. Moreover, in the present instance, "the gravity and even horrendousness of the means

used" *(People v Miles, supra,* p 539; *People v Cassidy, supra)* in the abduction provide additional justification for the separate kidnapping conviction. Judgment affirmed. Kane, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.