OPINION OF THE COURT
Memorandum.
Late in the evening of October 3, 1974, a brawl erupted into a bloodbath in the Casa Blanca Bar on Bay Ridge Avenue in Brooklyn. During the melee, four persons were either stabbed or shot. In addition, a fifth individual, Frank Nocera, died, having been shot once in the head, once in the chest, and having suffered six stab wounds.
Defendant was charged with causing the fatality by means of a firearm. At his trial, two witnesses testified that during the affray they saw defendant stand over the fallen Nocera and shoot him in the head. One of these witnesses also related *804 that defendant had fired the earlier shot at decedent, thereby attributing both of the victim’s gunshot wounds to defendant, who denied having shot or stabbed anyone. The jury returned a verdict of guilty and the Appellate Division, with one dissent, affirmed defendant’s conviction of second degree murder and criminal possession of a weapon.
Initially, defendant asserts that the prosecutor’s misconduct denied him a fair trial, it being maintained that the trial was marred by prejudicial remarks. Significantly, however, save for a few instances, defense counsel did not object to the complained of comments. Moreover, despite the Appellate Division’s power to order a new trial, in the interests of justice, even though the errors were not duly protested (CPL 470.15, subd 6, par [a]; see, e.g., People v Chestnut, 42 AD2d 594; see, also, People v Cipolla, 6 NY2d 922), the majority of that court decided not to invoke that authority. Therefore, while not countenancing the conduct of the prosecutor, those few remarks to which defense counsel registered objection would not warrant reversal and those where no protest was lodged were not preserved for review by this court (see People v Gurley, 42 NY2d 1086).
It is also urged that the People failed to prove beyond a reasonable doubt that defendant caused or contributed to decedent’s death. In essence, it is argued that, even if it was established that defendant discharged a bullet into decedent’s head, the People failed to prove that decedent was alive at that time. In other words, the supposition is that Nocera may have been dead from his other injuries when the second bullet wound was inflicted. This argument should be rejected.
The medical testimony was that the causes of death were the gunshot wound of the head and brain, stab wounds of the head and brain, gunshot wounds of the chest and lungs, and multiple stab wounds. Unlike People v Stewart (40 NY2d 692), there is no evidence of an intervening cause of death. To the contrary, the proof was that all of the wounds caused death, and defendant may not avoid responsibility by arguing that other causes contributed since his acts were also factors in the victim’s demise (see People v Kane, 213 NY 260, 273). Moreover, rather than failing to state with any degree of medical certainty whether the victim was alive when the head wound was inflicted by defendant (compare People v Dlugash, 41 NY2d 725, 731), here the medical testimony was that the stab wounds would not cause "immediate or rapid death” and that: *805 "In this case there was not instantaneous death or death within moments.” That decedent was alive at the time in question was also confirmed by one of the eyewitnesses who testified that she checked and found his pulse just prior to defendant having shot him while prostrate on the floor. Hence, on this record, there was proof to support a jury determination beyond a reasonable doubt that defendant’s actions caused or were at least a contributing cause of the fatality.
Defendant’s final argument is that the trial court’s failure to instruct the jury on causation denied him a fair trial. In this regard, despite defendant’s assertions to the contrary, an alleged error of this sort in the charge, to which no exception is taken is not reviewable in this court on the theory that defendant was deprived of a fair trial (People v Robinson, 36 NY2d 224; see, also, People v Kibbe, 35 NY2d 407, 413-414; Henderson v Kibbe, 431 US 145). As noted, the evidence was plainly sufficient for the jury to find beyond a reasonable doubt that defendant’s conduct caused or was at least a contributing cause of the victim’s death. At trial, defendant simply denied shooting the decedent and presented a different version of the events, but the jury chose to believe the People’s witnesses.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in a memorandum.
Order affirmed.