■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEMUEL W. SMITH, Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered August 30, 1978, convicting defendant of the crimes of robbery in the second degree and kidnapping in the second degree. The defendant was indicted for the crimes of robbery in the first degree and kidnapping in the second degree. After a trial before the court without a jury, he was found guilty of kidnapping in the second degree and robbery in the second degree. He was sentenced as a persistent felony offender to concurrent indeterminate terms of imprisonment of 25 years to life. This appeal ensued and defendant raises several issues urging reversal. The record reveals that about noontime on August 19, 1977 defendant entered the law office where the victim worked and at gun point robbed her of $35. He then forced her at gun point to enter her car and drive him to Saratoga Springs, where they arrived approximately four hours later. Again at gun point, he directed her to enter a house where he raped her. Thereafter, at about 10:30 P.M., he forced her to drive him to Colonie, where he was apprehended at about 12:15 A.M. on August 20, 1977. On March 6, 1979 he entered a plea of guilty in Saratoga County to the crime of rape in the first degree. The sole defense offered at the instant trial was of mental disease or defect. Defendant contends that the kidnapping was incidental to the rape and, therefore, the merger doctrine, as enunciated in *People v Levy* (15 NY2d 159), applies, mandating a reversal and vacating of the sentence imposed. We disagree. The record demonstrates that three distinct crimes were committed: robbery, kidnapping and rape. In our view, the kidnapping was unnecessary for the commission of the rape that occurred several hours later *(People v Shay,* 60 AD2d 698). It is most significant that after the rape, the victim was forced to drive defendant to Colonie, where defendant was apprehended when the police stopped the car the victim was operating and in which defendant was a passenger. Furthermore, from the time the victim was abducted at gun point until the defendant was apprehended, she was continually, uninterruptedly and forcibly restrained by defendant. We also reject defendant's contention that it was reversible error for the court to fail to inform defendant that it would consider lesser included offenses of robbery in the first degree. While the court did not strictly comply with CPL

320.20 (subd 5), considering the record in its entirety we are of the view that the error was harmless *(People v Crimmins,* 36 NY2d 230). Defendant had based his defense on the theory of mental disease or defect, and it cannot be convincingly argued that defendant, on the facts, of this case, was denied his right to an effective summation *(People v Chapman,* 60 AD2d 584). We have also considered all of the other arguments advanced by defendant and find them unpersuasive. There must be an affirmance. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.