■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUSTACE MINETOS, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered October 14, 1981, convicting him of robbery in the first degree, criminal use of a firearm in the first degree, grand larceny in the third degree, unlawful imprisonment in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. A number of the claimed errors advanced by defendant's counsel have not been preserved for appellate review and those which have been preserved are either without merit or do not justify reversal. We have also considered defendant's claim, made *pro se,* that statements were elicited from him after he requested counsel (see *Edwards v Arizona,* 451 US 477) and find that the claim is not supported by the record. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PITELLO, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 19, 1982, convicting him of arson in the third degree and burglary in the third degree, after a nonjury trial, and imposing sentence. Judgment affirmed. Defendant was indicted for the crimes of arson in the third degree (Penal Law, § 150.10), arson in the fourth degree (Penal Law, § 150.05), burglary in the third degree (Penal Law, § 140.20), and criminal mischief in the second degree (Penal Law, § 145.10). He was tried without a jury. At the close of the trial, the Trial Judge found defendant guilty of the counts of arson in the third degree and burglary in the third degree, and dismissed the remaining counts as lesser included offenses. Concededly, the Trial Judge did not, prior to defense counsel's summation, state upon the record the counts upon which he intended to render a verdict (see CPL 320.20, subd 5). However, since defendant was convicted of offenses specified in the indictment, and not of any lesser included offenses, the error was harmless beyond a reasonable doubt (see *People v Smith,* 77 AD2d 712; *People v Scott,* 66 AD2d 861; *People v Chapman,* 60 AD2d 584). We have examined defendant's other contentions and find them to be without merit. Weinstein, J. P., Thompson, Brown and Niehoff, JJ., concur.