■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MULLINGS, Appellant.

The search of the van which defendant was driving, in which a revolver was discovered, was based upon probable cause incident to lawful arrests (*see, United States v Ross,* 456 US 798; *People v Belton,* 55 NY2d 49, 54-55; *People v Orlando,* 56 NY2d 441; *People v Kreichman,* 37 NY2d 693).

Defendant's contention that he was deprived of counsel when tests were taken to determine if he had recently fired a weapon is without merit. The record is barren as to any evidence that defendant had requested same, or that the test was performed after the attorney arrived. Further, the right to counsel does not attach when obtaining physical evidence during a preaccusatory stage of a criminal investigation (*see, Gilbert v California,* 388 US 263, 267; *People v Goldberg,* 19 NY2d 460, *cert denied* 390 US 909; *cf. People v Hawkins,* 55 NY2d 474).

Lastly, there is no merit to defendant's assertion that he was deprived of the effective assistance of counsel at trial (*see, Strickland v Washington,* 466 US 668, 104 S Ct 2052; *People v Baldi,* 54 NY2d 137; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). Mangano, J. P., Brown, Niehoff and Lawrence, JJ., concur.