■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS MONTGOMERY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered May 6, 1983, convicting him of robbery in the third degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

Defendant was indicted on charges of robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the fourth degree. The charges arose out of the May 15, 1982 robbery of Leslye Gachelin in Jamaica, Queens. At the nonjury trial, the prosecution's case rested primarily on the testimony of the complainant. According to the complainant, he was standing on Hillside Avenue at approximately 4:45 A.M. on the day in question when he was approached by a group of nine individuals, one of whom was defendant. Defendant grabbed complainant around his waist and chest while another individual covered his mouth. A third individual pulled out a knife. The complainant was searched and approximately $975, a watch and the keys to his car were taken from his possession. The assailants then fled the scene. Defendant was apprehended a short time after the incident.

Defendant testified on his own behalf and put forth an alibi defense. Following the conclusion of defendant's case and prior to summations, the court asked both counsel whether they wanted any lesser included offenses to be considered. Following discussion, the court indicated which lesser included offenses it would consider. Robbery in the third degree was not mentioned.

The trial court ultimately rendered a verdict finding defendant guilty of robbery in the third degree in satisfaction of the first two indictment counts. The count of criminal possession in the fourth degree was dismissed. In rendering its verdict, the trial court stated that the People had proven beyond a reasonable doubt "that on or about May 15, 1982, in the County of Queens, the defendant, acting in concert with other persons, stole property".

Defense counsel moved to set aside the verdict, arguing that by the court's own findings, defendant could not properly be convicted of robbery in the third degree in view of his acquittal of robbery in the second degree. In addition, defense counsel argued that the trial court failed to comply with CPL 320.20 (5) by failing to inform counsel prior to summation that it was going to consider the lesser included offense of robbery in the third degree. The motion was denied.

On appeal, defendant again argues that based on the facts adduced at trial, a conviction of robbery in the third degree was legally impermissible. We disagree and accordingly affirm.

At the outset, we note that robbery in the second degree, as charged in the indictment, consists of forcibly stealing property while being "aided by another person actually present" (Penal Law § 160.10 [1]). Robbery in the third degree consists only of forcibly stealing property (Penal Law § 160.05). Based on the facts adduced at trial, as indicated by the trial court's own findings, it is clear that defendant could have been convicted of robbery in the second degree. However, the trial court, rather inconsistently and apparently out of an exercise of mercy, convicted defendant of the lesser included offense of robbery in the third degree. It has been widely acknowledged that factual inconsistencies in a verdict, whether it be rendered by Judge or jury, do not constitute a ground for reversal, provided, of course, that the verdict is not repugnant as a matter of law (see, United States v Powell, 469 US 57; Harris v Rivera, 454 US 339; People v Goodfriend, 64 NY2d 695; People v Tucker, 55 NY2d 1; People v Alfaro, 108 AD2d 517). In each of these cases, the respective courts recognized that the factual inconsistencies in the particular verdict could reasonably be attributed to an attempt on the part of the trier of fact to exercise leniency towards the defendant. While the exercise of leniency by a Trial Judge, while sitting as a trier of fact, is not to be condoned, "it cannot, of course, be challenged * * * through the appellate process. Like Judge Hand, we do not think that two wrongs equal a right to exculpation on all counts in order to prevent 'errors in judicial dialectic' (United States v Maybury, 274 F2d 899, 908 * * *). As the Supreme Court put it in Harris v Rivera (454 US 339, 348, supra), the 'Constitution does not prohibit state judges from being excessively lenient' " (People v Alfaro, supra, at p 520). In this same vein, the instant case does not involve a compromise verdict (cf. People v Dugarm, 49 AD2d 674) since the Trial Judge's findings of fact clearly support a finding of guilt on the greater crime of robbery in the second degree. Thus, instead of a compromise on the question of guilt, the verdict represents an exercise of leniency by the trier of fact in defendant's favor.

Nor can it be argued that the verdict in this case is repugnant as a matter of law since the elements of robbery in the second degree are not identical to those of robbery in the third degree (see, People v Alfaro, supra; People v Tucker, supra). While the verdict acquitting defendant of robbery in

the first and second degrees and convicting him of third degree robbery is factually inconsistent, the verdict is not repugnant and thus will not be set aside.

We also conclude that although the trial court failed to comply with the statutory mandate of CPL 320.20 (5), since it did not inform counsel prior to summation that it was going to consider robbery in the third degree as a lesser included offense, the court's error was harmless. The obvious purpose of this statutory requirement is to provide counsel with the opportunity to address himself in his summation to any lesser included offenses the court is inclined to consider. In the case at bar, defendant's case relied upon an alibi defense and thus, defense counsel's summation would not have been altered if the court had informed him of the counts it was considering. Accordingly, defendant was not denied the right to an effective and meaningful summation *(see, People v Smith,* 77 AD2d 712; *see also, People v Pitello,* 97 AD2d 801; *People v Scott,* 66 AD2d 861).

We have reviewed defendant's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.