■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY BAYER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Battisti, J.), rendered June 14, 1985, convicting him of promoting gambling in the second degree and possession of a gambling device, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a shareholder and director of his codefendant B. P. Tavern, Inc., was jointly indicted and tried together with B. P. Tavern, Inc., another shareholder and director and two of its employees for certain gambling offenses in connection with the operation of a "Joker Poker" machine at Billy's Pub located in Mount Vernon, New York. The nonjury trial resulted in convictions of 4 of the 5 defendants. On appeal the defendant argues that the statements he made to an Assistant District Attorney outside the presence of counsel on April 25, 1984, six days after the execution of a search warrant for the premises of Billy's Pub, were improperly admitted into evidence in violation of his right to counsel. We disagree.

In the first instance, we note that although the claimed deprivation of the State constitutional right to counsel may be raised for the first time on appeal, a sufficient factual record must be made to permit appellate review (see, *People v Kinchen,* 60 NY2d 772). No factual record was established to permit appellate review of this issue. In any event, contrary to the defendant's position, the ex parte application for a search warrant did not constitute an adversarial judicial criminal proceeding at which point the defendant's right of counsel indelibly attached (see, *People v Smith,* 62 NY2d 306; *People v Robinson,* 122 AD2d 173, *lv denied* 68 NY2d 1003; *People v Mullings,* 110 AD2d 720; *People v Frankos,* 110 AD2d 713).

We have reviewed the defendant's remaining contentions and have found them to be without merit (see, *People v Herman,* 133 AD2d 377 [decided herewith]). Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.