■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD HERMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Battisti, J.), rendered June 14, 1985, convicting him of promoting gambling in the second degree and possession of a gambling device, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a shareholder and director of the codefendant B. P. Tavern, Inc., was jointly indicted and tried with B. P. Tavern, Inc., another shareholder and director and two of its employees for certain gambling offenses in connection with the operation of a "Joker Poker" machine at Billy's Pub

located in Mount Vernon, New York. The nonjury trial resulted in convictions of 4 of the 5 defendants. The defendant's primary contention on appeal is that he was denied effective assistance of counsel as a result of trial counsel's joint representation of all five defendants. We disagree.

It is well established that in cases involving joint representation of multiple defendants, the trial court has the responsibility of determining on the record whether each defendant is aware of and understands the potential conflicts of interest which could exist in such representation and that, with this knowledge, each defendant has voluntarily waived his or her right to separate counsel (see, People v Salcedo, 68 NY2d 130; People v Macerola, 47 NY2d 257; People v Gomberg, 38 NY2d 307). In the event the trial court fails to conduct such an inquiry, the judgment of conviction will be reversed upon a showing by the appellant that a conflict of interest, or a significant possibility thereof, existed between the defendant and his codefendants or defense counsel (see, People v Macerola, supra).

In the case at bar, prior to the commencement of the trial, the court conducted a hearing on the matter of the defense counsel's representation of all five defendants. At that time, the court cautioned all of the defendants as to the potential problems which could arise as a result of multiple representation by counsel and informed them of their right to retain separate counsel. Thereafter, when questioned separately by the court, each defendant expressed the desire to be jointly represented by defense counsel. Based on our review of the hearing court's inquiry, we conclude that each defendant knowingly, intelligently and voluntarily chose to be jointly represented by defense counsel and accordingly the defendant herein was not deprived of his right to the effective assistance of counsel. Moreover, even if we were to assume that the trial court's inquiry was inadequate to fully advise the defendant of his rights, reversal of the judgment of conviction would not be warranted since there has been no showing that a conflict of interest, or a significant possibility thereof existed as a result of the joint representation (see, People v Macerola, supra).

We also reject the defendant's contention that the trial court committed reversible error by admitting into evidence the statements of his codefendants under the coconspirator's exception to the hearsay rule. We agree with the trial court's determination that the prosecution produced ample independent evidence to establish a prima facie case of conspiracy permitting the introduction of the codefendants' statements

under this exception to the hearsay rule *(see, People v Salko,* 47 NY2d 230, *mod on other grounds* 47 NY2d 1010, *rearg denied* 47 NY2d 1012; *People v Rastelli,* 37 NY2d 240, *cert denied* 423 US 995).

Moreover, contrary to the defendant's position, we find that the evidence adduced at trial was sufficient, as a matter of law, to sustain his conviction for possession of a gambling device pursuant to Penal Law § 225.30. The term "gambling device" is defined in essence, as any device or machine which is used in the playing phases of any gambling activity *(see,* Penal Law § 225.00 [7]). A person engages in gambling activity when "he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome" (Penal Law § 225.00 [2]). Finally, the term "something of value" is defined as to include "any money or property" (Penal Law § 225.00 [6]). The evidence herein established that a winning player of the "Joker Poker" machine located at Billy's Pub would fill out a slip of paper indicating the number of credits he won on the machine, and the player, in turn, would be given a certain amount of money per credit by the bar management. Clearly, then, the Joker Poker machine constituted a gambling device *(see, e.g., Matter of Plato's Cave Corp. v State Liq. Auth.,* 68 NY2d 791). Secondly, we find the evidence to be sufficient, as a matter of law, to establish that the defendant possessed the "Joker Poker" machine with knowledge of its character as a gambling device. Additionally, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt of the instant gambling offenses beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, although the Trial Judge did not state, prior to the defense counsel's summation, the counts upon which he intended to render a verdict, this error was harmless in view of the fact that the defendant was convicted of the offenses specified in the indictment and not of any lesser included offenses *(see, People v Pitello,* 97 AD2d 801; *People v Smith,* 77 AD2d 712). Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.