■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK WELLS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Battisti, J.), rendered June 14, 1985, convicting him of promoting gambling in the second degree and possession of a gambling device, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a bartender at Billy's Pub located in Mount Vernon, New York, was jointly indicted and tried with B. P. Tavern, Inc., the owner of the pub, together with two shareholders and directors of B. P. Tavern, Inc., and another employee for certain gambling offenses in connection with the operation of a "Joker Poker" machine at the pub. The nonjury trial resulted in convictions of 4 of the 5 defendants. The defendant herein initially contends that statements he made to an undercover police officer were improperly admitted into evidence because he was not provided with written notice of those statements pursuant to CPL 710.30. The trial court ruled that these statements constituted res gestae statements

and thus the People were not required to provide the defendant with notice thereof. We agree. When there is no question as to the voluntariness of a defendant's statements to a public servant, as in the case of res gestae statements, notice to the defendant of the intention to offer such statements into evidence is not required (see, People v Greer, 42 NY2d 170; People v Early, 85 AD2d 752; People v Holloway, 77 AD2d 122, 125: People v Bostic, 97 Misc 2d 1039). Moreover, contrary to his contention on appeal, the defendant did not have a right to the discovery of these statements since CPL 240.20 (1) (a) specifically limits a defendant's statutory right of discovery to statements "other than [those made] in the course of a criminal transaction".

We also reject the defendant's contention that statements he made to the Assistant District Attorney on August 10, 1984, were improperly admitted into evidence, allegedly in violation of his right to counsel. Although a claimed deprivation of the State constitutional right to counsel may be raised for the first time on appeal, a sufficient factual record must be made to permit appellate review (see, People v Kinchen, 60 NY2d 772). No factual record was established to permit appellate review on this issue. In any event, since the instant indictment was not filed against the defendant until August 27, 1984, his right to counsel had not indelibly attached at the time he spoke with the Assistant District Attorney, and, thus, the defendant's right to counsel was not violated (see, People v Smith, 62 NY2d 306, 314-315; People v Samuels, 49 NY2d 218; People v Blake, 35 NY2d 331). Moreover, contrary to the defendant's position, the People's ex parte application for a search warrant in April 1984 did not constitute an adversarial judicial criminal proceeding at which his right to counsel indelibly attached (see, People v Bayer, 133 AD2d 374 [decided herewith]).

We have reviewed the defendant's remaining contentions and have found them to be without merit (see, People v Herman, 133 AD2d 377 [decided herewith]). Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.