■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WALKER, Appellant.

Memorandum: The court did not err in permitting defendant to defend *pro se.* Defendant unequivocally exercised his right to self-representation, his waiver of counsel was knowing and intelligent *(People v McIntyre,* 36 NY2d 10, 14), and the court undertook "a sufficiently 'searching inquiry' of the defendant to be reasonably certain that the 'dangers and disadvantages' of giving up the fundamental right to counsel [had] been impressed on the defendant" *(People v Sawyer,* 57 NY2d 12, 21, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178).

The court's error in failing to advise the parties before summation of the charges it would consider *(see,* CPL 300.10 [4]) was harmless *(see, People v Pitello,* 97 AD2d 801; *People v Smith,* 77 AD2d 712; *People v Scott,* 66 AD2d 861; *People v Chapman,* 60 AD2d 584). Since defendant was convicted of an offense charged and not of any lesser included offense, defendant was not deprived of his right to an effective summation. (Appeal from judgment of Onondaga County Court, Burke, J. —criminal possession of weapon, third degree.) Present—Dillon, P. J., Boomer, Pine, Balio, and Lawton, JJ.