■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GORMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered May 29, 1986, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing concurrent sentences of 25 years to life.

Ordered that the judgment is affirmed.

Contrary to the defendant's claims, the County Court properly ruled admissible those portions of a conversation between the defendant and his wife, which were made in the presence of two police officers, and were therefore not made in reliance upon the marital relationship (see, CPLR 4502, 4512; *People v Ressler,* 17 NY2d 174, 179, *rearg denied* 17 NY2d 918; *People v Melski,* 10 NY2d 78, 82). Statements made by the defendant's wife to the probation officer which were contained in the probation report were not referred to by the court at the time of sentencing and did not prejudice the defendant. The court's charge regarding the law of attempted rape, including that it was no defense that the victim was dead if the defendant believed the victim was alive at the time of the attempted rape, tracked the language of the statute and was proper (see, Penal Law §§ 110.00, 110.10; *cf.,* 2 CJI[NY] PL 110.10, at 48; *see also, People v Davis,* 72 NY2d 32, 37; *People v Dlugash,* 41 NY2d 725, 735; *cf., People v Crampton,* 107 AD2d 998, 1000-1001). Finally, in light of the defendant's brutal attack upon a stranger, and his subsequent attempts to protect himself by hiding his culpability, we find the court's sentence of 25 years' to life imprisonment a proper exercise of discretion and decline to reduce it in the interest of justice (see, *People v Guevara,* 134 AD2d 518, 519, *lv denied* 71 NY2d 897; *People v Suitte,* 90 AD2d 80). Bracken, J. P., Eiber, Spatt and Rosenblatt, JJ., concur.