■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ALVAREZ, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered June 2, 1987, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him as a second felony offender to a term of imprisonment of from 8 to 16 years, unanimously affirmed.

Defendant was acquitted of intentional murder and felony murder, but convicted of robbery in the first degree in that in the course of forcibly stealing property he used or threatened the immediate use of a knife (Penal Law § 160.15 [3]). On appeal, defendant argues that the felony murder and robbery counts should not have been submitted in the alternative, unless there was some view of the evidence which would have permitted the jury to find that he committed one of those crimes but not the other. According to defendant, no such view of the evidence exists. The evidence, defendant asserts, shows only that he committed both of these crimes or neither.

"It has been widely acknowledged that factual inconsistencies in a verdict * * * do not constitute a ground for reversal, provided, of course, that the verdict is not repugnant as a matter of law" *(People v Montgomery,* 116 AD2d 669, 670). As the evidence adduced at trial was legally sufficient to support a finding of guilt on the felony murder count, it suffices to explain the jury's verdict acquitting defendant of murder and convicting him of robbery as simply an act of mercy *(People v Tucker,* 55 NY2d 1, 8; *People v Montgomery, supra).* Concur—Murphy, P. J., Carro, Wallach, Kupferman and Smith, JJ.