■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY FARRELL, Appellant.—Appeal by the defendant from a

judgment of the County Court, Suffolk County (Sherman, J.), rendered April 3, 1991, convicting him of attempted burglary in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that based on the facts adduced at trial, a conviction of attempted burglary in the second degree was legally impermissible.

We note initially that this argument has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245).

In any event, this argument is without merit. Based on the facts adduced at trial, it is clear that the defendant could have been convicted of burglary in the second degree. However, the trial court, based on its remarks at sentencing, and "apparently out of an exercise of mercy" *(People v Montgomery,* 116 AD2d 669, 670), acquitted the defendant of that charge and convicted him of only attempted burglary in the second degree. In upholding a conviction under similar circumstances, this Court stated: "It has been widely acknowledged that factual inconsistencies in a verdict, whether it be rendered by Judge or jury, do not constitute a ground for reversal, provided, of course, that the verdict is not repugnant as a matter of law *(see, United States v Powell,* 469 US 57; *Harris v Rivera,* 454 US 339; *People v Goodfriend,* 64 NY2d 695; *People v Tucker,* 55 NY2d 1; *People v Alfaro,* 108 AD2d 517). In each of these cases, the respective courts recognized that the factual inconsistencies in the particular verdict could reasonably be attributed to an attempt on the part of the trier of fact to exercise leniency towards the defendant. While the exercise of leniency by a Trial Judge, while sitting as a trier of fact, is not to be condoned, 'it cannot, of course, be challenged * * * through the appellate process. Like Judge Hand, we do not think that two wrongs equal a right to exculpation on all counts in order to prevent "errors in judicial dialectic" *(United States v Maybury,* 274 F2d 899, 908 * * *). As the Supreme Court put it in *Harris v Rivera* (454 US 339, 348, *supra),* the "Constitution does not prohibit state judges from being excessively lenient" ' *(People v Alfaro, supra,* at p 520). In this same vein, the instant case does not involve a compromise verdict *(cf., People v Dugarm,* 49 AD2d 674) since the Trial Judge's findings of fact clearly support a finding of guilt on the greater crime of robbery in the second degree. Thus, instead of a compromise on the question of guilt, the verdict represents an exercise of leniency by the trier of fact in

defendant's favor" *(People v Montgomery, supra,* at 670). Nor can it be argued that the verdict in this case is repugnant as a matter of law since the elements of burglary in the second degree are not identical to those of attempted burglary in the second degree.

Accordingly, the judgment of conviction is affirmed. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.