■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FOTIOS GKANIOS, Also Known as FRANK GKANIOS, Appellant. [605 NYS2d 322] —Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered February 6, 1992, convicting him of rape in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

While the defendant contends that the court erred in admitting two audio tapes into evidence at trial, we conclude that a proper foundation had been laid for their admission *(see, People v Ely,* 68 NY2d 520, 527-528; *see also, People v Sealy,* 106 AD2d 479) and thus we decline to disturb the court's exercise of its discretion *(see, People v Morgan,* 175 AD2d 930, 932). On a related note, the trial court did not improvidently exercise its discretion in permitting the jury to use a transcript of the conversation recorded on these tapes while the tapes were being played *(see, People v Tapia,* 114 AD2d 983, 984; *see also, People v Robinson,* 158 AD2d 628, 629).

Finally, the defendant's claim that the verdict is repugnant in that it represents an improper compromise on the question of guilt is unpreserved for appellate review in light of the fact that no protest to the verdict was registered until after the jury had been dismissed *(see, People v Satloff,* 56 NY2d 745, 746; *People v Stahl,* 53 NY2d 1048, 1050; *People v James,* 112 AD2d 380, 381; *see also,* CPL 470.05 [2]). In any event, the verdict is not repugnant as a matter of law *(see, People v Tucker,* 55 NY2d 1, 7). On these facts, it cannot be said that

this verdict was the result of an improper compromise on the question of guilt *(see, People v Montgomery,* 116 AD2d 669, 670; *see also, People v Dugarm,* 49 AD2d 674, 675). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.