■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COWAN, Appellant. [909 NYS2d 367]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Calabrese, J.), rendered July 10, 2006, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As it is undisputed that a recording of the subject drug transaction was audible and intelligible, the Supreme Court providently exercised its discretion in allowing the jury, with the proper limiting instruction, to utilize a transcript as an aid while listening to the recording at trial (*see People v Redmond*, 41 AD3d 514 [2007]; *People v Gkanios*, 199 AD2d 411 [1993]; *People v Papa*, 168 AD2d 692 [1990]; *People v Carrington*, 151 AD2d 687 [1989]; *People v Mincey*, 64 AD2d 615 [1978]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]), and the period of postrelease supervision was not illegal (*see* Penal Law § 70.45 [2] [d]; § 70.70 [3] [b] [i]). Skelos, J.P., Eng, Belen and Hall, JJ., concur.