(July 31, 1980)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD WAYNE ROSENCRANTS, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered May 31, 1978, convicting defendant upon

his plea of guilty of attempted sale of a controlled substance in the third degree. The record reveals that an informant told the police of a pending drug sale. The police followed the informant, accompanied by one Comstock, to a bar. A police officer at the bar observed the informant and Comstock meet with defendant and one Malinowski. Comstock was later arrested by the police and found to be in possession of a substance thought to be methamphetamine. Comstock told the police that he bought the substance from a person named Jerry. The police then learned the defendant's full name and address from Malinowski, who was also allegedly present during the transaction. The information concerning defendant's address was then substantiated by other law enforcement officials who knew of the defendant. The police then proceeded to defendant's trailer where he was arrested without an arrest warrant. Defendant allegedly made an oral statement, after being read his *Miranda* rights, to the effect that he was the small man and that he could give the police the big man. At the police station, defendant signed a statement describing the alleged drug transaction which statement also contained the *Miranda* warnings. Defendant was indicted for attempted sale of a controlled substance in the third degree. His motion to suppress the statements made after his arrest was denied and he thereafter entered a plea of guilty of attempted sale of a controlled substance in the third degree. Defendant was sentenced to a term of probation for the period of his lifetime and this appeal ensued. Initially, defendant contends that the decision of the Supreme Court on April 15, 1980 in *Payton v New York* (445 US 573) should be given retroactive effect. In that decision, the Supreme Court prohibited a warrantless arrest in the home in the absence of exigent circumstances. It is argued by defendant that he was arrested in his home without a warrant and in the absence of exigent circumstances, and that under *Payton* the arrest was illegal and the statements made following his arrest should have been suppressed. We would note at this juncture that, in our view, probable cause existed to arrest defendant at the time he was arrested. Concerning the decision in *Payton v New York (supra)*, it is not to be given retroactive effect (see *People v Graham,* 76 AD2d 228). In view of the fact that *Payton* was decided after defendant's conviction, it is inapplicable and does not require reversal in the present case. It is also urged by defendant that his written statement made at the police station was involuntary, as it was induced by a promise of leniency. Consequently, he argues that the statement should have been suppressed. The trial court was faced with a question of credibility at the suppression hearing regarding whether any promises of leniency were made. The court could properly choose to believe the prosecution's witnesses, whose testimony amply established that no promises were made, and that defendant's statement was voluntarily given following proper *Miranda* warnings. Upon consideration of the entire record, we are of the opinion that the court's denial of the motion to suppress should not be disturbed (see *People v Patterson,* 73 AD2d 922; *People v Duntley,* 73 AD2d 700). Accordingly, the judgment should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.