■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN B., Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Samenga, J.), rendered November 5, 1981, adjudicating him a youthful offender, upon his plea of guilty to arson in the third degree, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's omnibus motion which sought suppression of oral and written statements made by him to the police.

Judgment affirmed.

The defendant's claim that his statements should have been suppressed because the police lacked probable cause to arrest him has not been preserved for review (*People v Tutt,* 38 NY2d 1011; *People v Jones,* 81 AD2d 22; CPL 470.05 [2]). In his motion papers and at the suppression hearing, defendant advanced but a single contention, i.e., that he was duped into making the statements by the promise that he would not be prosecuted. Having failed to raise the issue of probable cause at the fact-finding level to apprise the court and the prosecutor of the nature and scope of the matter contested and allow the People an opportunity to meet his claim, defendant may not now be heard to complain on appeal that he was unlawfully detained (*People v Tutt, supra,* pp 1012-1013; *People v Jones, supra,* pp 41-42). Nor is review in the interest of justice warranted under the circumstances.

Moreover, the record amply supports the court's determination that, notwithstanding his age at the time, the 16-year-old defendant had the capacity to understand the adequate *Miranda* warnings which were twice read to him and the consequences of waiving those rights, and that no promises were made to induce him to make the statements in question (*People v Boykins,* 81 AD2d 922; *see, People v Rosencrants,* 77 AD2d 768).

We have examined defendant's other contentions and find them to be without merit. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.