◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD STRONG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered July 9, 1981, convicting him of rape in the first degree, burglary in the first degree (two counts), attempted robbery in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Dubin, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant, armed with a gun and accompanied by two companions, broke into the complainants' house in the middle of the night, raped the wife, beat the husband and stole property. Notified within minutes, the police responded quickly and obtained a description of the crimes and the men who committed them from the complainants. Shortly thereafter, a police car cruising the neighborhood in search of the perpetrators encountered the defendant and another man on the street a few blocks from the scene. The defendant fit the female complainant's description of the rapist and he was taken into custody when he told the officer he was in the area to break into freight cars. The defendant was displayed separately to each complainant as he sat in the back of the patrol

car and each promptly identified him as the assailant. The prompt showup procedure was not improper under the circumstances and we reject the defendant's argument that it was unduly suggestive and tainted the complainants' in-court identifications *(see, People v Brnja,* 70 AD2d 17, *affd* 50 NY2d 366).

The defendant further argues that the judgment of conviction should be reversed because the court reporter lost the minutes of the last day of his trial containing the defense case, summations, the court's charge, deliberations and the verdict. On a prior motion addressed to this court, we ordered a reconstruction hearing to be conducted by the Supreme Court, Queens County. Although the defendant testified at that hearing that the Trial Judge gave an *Allen* charge to his deadlocked jury and coerced them into reaching a verdict, we are persuaded by the notations in the trial minute book which is an official court record that no such coercion occurred. The lack of a complete trial transcript, through no fault of the People, does not, in itself, entitle the defendant to a reversal *(see, People v Rivera,* 39 NY2d 519, 523). We find that the reconstruction hearing was an appropriate method of determining that in this case the lack of a complete transcript did not deprive the defendant of an opportunity to raise genuine appealable issues *(see, People v Bell,* 36 AD2d 406, 408, *affd* 29 NY2d 882).

The defendant's contention that there was no probable cause to arrest him was raised for the first time on appeal and, therefore, has not been preserved for our review *(see, People v John B.,* 108 AD2d 920).

Lastly, we are not persuaded that the sentence imposed was excessive. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.