■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL THOMAS, Appellant.—Appeal by the defendant from (1) a judgment of the County Court, Nassau County (Belfi, J.), rendered May 19, 1986, convicting him of robbery in the second degree and grand larceny in the third degree (two counts) under indictment No. 61317, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered June 26, 1986, convicting him of rape in the first degree under indictment No. 61464, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion under indictment No. 61317 which were to suppress inculpatory statements and physical evidence.

Ordered that the judgments are affirmed.

The defendant's contention that the hearing court erred in denying those branches of his omnibus motion which were to suppress his statements to police and certain physical evidence recovered from his living quarters is without merit. The record overwhelmingly supports the court's conclusion that the defendant repeatedly made knowing, intelligent, and voluntary waivers of his *Miranda* rights before speaking with the authorities. Indeed, there is no credible evidence in the hearing record indicating that the police employed coercive tactics in obtaining the challenged statements *(see, People v John B.,* 108 AD2d 920; *People v Boykins,* 81 AD2d 922). Similarly, we agree with the hearing court's conclusion that the defendant gave informed and voluntary oral and written consent to a search of his living quarters. Significantly, the defendant did not resist police questioning, was cooperative rather than evasive while in police custody, and volunteered inculpatory information regarding his participation in the instant offenses

*(cf., People v Gonzalez,* 39 NY2d 122). Moreover, he was fully apprised of the consequences of consenting to the search and was informed that he was free to withhold such consent. Hence, there is nothing to suggest that the search resulted from anything other than the voluntary and intelligent consent of the defendant.

The defendant's claim that his right to counsel was violated by the police is likewise unavailing. This contention, raised by the defendant for the first time on the instant appeal, is devoid of support in the record sufficient to permit appellate review *(see, People v Kinchen,* 60 NY2d 772; *People v Carreras,* 133 AD2d 643; *People v Bayer,* 133 AD2d 374).

We have considered the defendant's remaining contentions and find them to be without merit. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.