■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SPEED, Appellant.—Appeal by the defendant from a judgment of County Court, Nassau County (Boklan, J.), rendered September 27, 1987, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress a statement made by him to the police, and physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we find that the hearing court properly denied that branch of his omnibus motion which was to suppress his confession. Although there was evidence that the defendant had, at the time of this arrest, a pending case arising from an arrest in Suffolk County, there is no indication that the arresting officer in this case knew or should have known of the pending matter. In this respect, we note that upon inquiry, the defendant expressly denied his involvement in the pending matter (see,

*People v Berring,* 145 AD2d 430; *People v Hovanec,* 128 AD2d 893). Accordingly, the officer's questioning the defendant in this instance about this case did not violate his right to counsel *(see, People v Bertolo,* 65 NY2d 111; *People v Lucarano,* 61 NY2d 138; *People v Green,* 138 AD2d 516).

Furthermore, we find that the record overwhelmingly supports the hearing court's conclusion that the defendant gave informed and voluntary consent to a search of his living quarters. In this regard, it was established that the consent was given both prior to and after the defendant's arrest. Additionally, the defendant was cooperative rather than evasive while in police custody, and volunteered inculpatory information regarding his participation in the instant offense *(see, People v Thomas,* 144 AD2d 506; *People v Credidio,* 141 AD2d 661; *cf., People v Gonzalez,* 39 NY2d 122). Thus, there was no error in denying that branch of the defendant's omnibus motion which was to suppress physical evidence obtained as a result of the search.

In addition, we reject the defendant's contention that he was not afforded the effective assistance of counsel. Under the circumstances and considered in its totality, defense counsel's representation was effective within the standard enunciated in *People v Baldi* (54 NY2d 137, 146-147; *see also, People v Satterfield,* 66 NY2d 796, 798-799).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit *(see, People v Berzups,* 49 NY2d 417, 426; *People v Suitte,* 90 AD2d 80). Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.