■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN WASHINGTON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL LEE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESHEEN EVANS, Also Known as PERSHEEN EVANS, Appellant.—Judgments of Supreme Court, New York County (John A. K. Bradley, J.), rendered on April 27, 1988, April 8, 1988 and on or about April 28, 1988, respectively, convicting defendants, following a jury trial, of robbery in the first degree and

robbery in the second degree and sentencing Washington to indeterminate concurrent sentences of 7 to 14 years and 5 to 10 years, Evans to indeterminate concurrent sentences of 7 to 14 years and 5 to 10 years and Lee to indeterminate concurrent sentences of 4 to 12 years and 3 to 9 years, are unanimously affirmed.

The showup identification at which the female victim identified the three defendants as the perpetrators occurred within 15 minutes of the crime and was not unduly suggestive. It was similar to other crime scene showup identifications involving multiple defendants which have been held not to be suggestive (see, *People v Peterkin*, 151 AD2d 407; *People v Pinkney*, 135 AD2d 748; *People v Strong*, 137 AD2d 733; *People v Nieves*, 92 AD2d 837). The fact that the other victim identified defendants prior to the showup in question does not effect the propriety of the challenged procedure since that identification took place in a different location and out of the presence of the female victim.

Whether or not the evidence in the present case was sufficient to establish the element of force necessary for the crime of robbery is a question of fact for the jury (see, *People v Pena*, 155 AD2d 310). The evidence, when viewed most favorably to the People, demonstrates that defendants, acting together, first took the female victim's purse from a grocery bag held between the two victims, then two of the defendants secreted the purse while the third remained in the vicinity. After the victims approached the third defendant and demanded the return of the property, this defendant struck the female victim, whereupon the other two defendants returned and accelerated the attack. The jury was clearly warranted in concluding that the force employed by the defendants during the attack was used in connection with their retention of the stolen property and was, therefore, a continuation of the initial taking. Thus, the proof is sufficient to support the robbery convictions (see, *People v Tellis*, 156 AD2d 260). Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Smith, JJ.